## TRIBOU & McPHEE, RESPONDENTS, v. J. M. STROWBRIDGE, APPELLANT.

REFERRING CASE—IN LAW ACTION.—In actions at law the court has power to refer causes which involve the examination of long accounts, whether the parties assent or not.

FAILURE TO COMPLY WITH CONTRACT—VALUE OF SERVICE MAY BE RECOVERED.—Where one performs service for another, and for any reason, except a voluntary abandonment, fails to fully comply with his contract, and such compliance becomes impracticable and the service has been of value to him for whom it was rendered, the laborer may recover for such service its reasonable value.

APPEAL from Multnomah County.

This was an action to recover four thousand one hundred dollars upon a contract to perform the carpenter's work and furnish the materials therefor, upon a certain building. The appellant deemed that the work was completed according to the terms of the contract, and alleged failures on respondent's part to his damage, etc. It is admitted that there were departures from the contract specifications, but it is claimed that these were assented to by the architect, and that the work was done to his satisfaction. The contract provided that the work was to be completed to the satisfaction of the architect, and that his certificate, report or decision, was to be "binding and conclusive on all matters of dispute or misunderstanding between the parties."

The cause was referred to a referee to report findings upon the issues of law and fact between the parties. The appellant objected to the reference. The referee found that the appellant was bound by the acts of the architect; that respondents were not in default, and that they were entitled to recover three thousand eight hundred and ninety-five dollars with interest.

The circuit court confirmed the report, and the respondents had judgment, from which this appeal is taken.

*Sidney Dell*, for appellant.

*M. C. George*, for respondents.

By the Court, BOISE, J.:

The first question to be considered is, had the circuit court the authority to refer the issues in this case to a referee, without the consent of the appellant? From the record it appears that after the referee was appointed the appellant moved to have the trial of the issues withdrawn from the referee. The counsel for the appellant now insists that the circuit court had no authority to refer this case to a referee, it being an action at law; that although the trial of the case would involve the examination of long accounts between the parties, the question whether the re-

spondents had completed the work under their contract being an issue in the case that could only be tried by a jury, unless such a mode of trial was waived. The statute of this state providing for the appointment of referees is as follows: "All or any of the issues in an action, whether of fact or law, or both, may be referred upon the written consent of the parties." (Sec. 218.)

Section 219: "When they do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases: 1. When the trial of an issue of fact shall require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein."

In this case, in order to determine the question whether or not the respondents had performed their contract, it became necessary to examine and determine the items charged in the appellant's counter-claim, which was an account set out in the answer, in which it was claimed that the appellant had been damaged in various sums by the failure of the respondents to do certain specified portions of the work according to the contract. And, in fact, to determine any of the material issues in the case, involved the examination of accounts either of the respondents or appellant. The case, therefore, comes within the purview of the statute above referred to. It is claimed by the appellant that if this proceeding is authorized by the statute, it impairs the right of trial by jury in civil cases in actions at law, and that the statute is void from being in conflict with section 17, of article 1, of the constitution of this state, which provides that, "In civil cases the right of trial by jury shall remain involved." This language of the constitution indicates that the right of trial by jury shall continue to all suitors in courts in all cases in which it was secured to them by the laws and practice of the courts at the time of the adoption of the constitution. (20 Wis. 210; 17 Id. 189; *Mead* v. *Walker*, 24 Wend. 337.) So that, in order to ascertain whether such right exists in this case, we must

look into the history of our laws and jurisprudence, and before the adoption of the state constitution.

The statute in question was passed by the legislature of the late territory of Oregon in 1854, and has been copied into the present code; so that this statute has been in force since that time, and was the law of the territory at the time the constitution was adopted, and, therefore, does not abridge the right of trial by jury as it existed when we became a state. Under this statute, cases like this have been referred and tried by a referee, without question as to the authority of the court to order the reference, for a quarter of a century; and was there doubt as to the constitutionality of this statute, it would, under the circumstances and the sanction of long usage, have to be solved in favor of the statute. (Cooley's Constitutional Limitations, 4; 6 Cranch, 128; 10 Wharton, 53; 3 Peters, 433.)

We think there is no doubt of the validity of the statute, and that its provisions are wise, and aid in enabling the courts to arrive at just conclusions in cases of this nature, which can not be intelligently tried by a jury.

The other ground of error urged by the appellant is that as the respondents have sued on a special contract, to do work for a fixed price named in the contract, they must show that they have in all respects fulfilled the contract on their part in order to recover. And that having failed, in some ·respects, to do the work according to the specifications in the contract, they cannot recover on the contract, or on the *quantum meruit* for the value of their work which has been received by the appellant, and is of value to him.

Issue was made between the parties as to the completion of the work by the respondents, and the referee finds on this issue as follows: Second finding. "That in pursuance of said contract, the respondents did the carpenter work and furnished the necessary materials thereto, under the direction of, and to the satisfaction of C. B. Talbot." Said Talbot was the architect who had charge of the work, and by the terms of the contract, was empowered by the appellant to pass upon the quality of the work and materials.

The contract between the parties also expressly provides

that "The certificate, report, or decisions of the architect, are to be binding and conclusive on all matters of dispute or misunderstanding between the parties hereto." We think that by this contract the architect had authority to judge of the quality of the work and materials, and to determine when the work was finished; and the completion of it to his satisfaction, was a compliance with the contract on the part of the respondents. If some work was omitted and some added by his direction or advice, such omissions and deductions for the same would not be a violation of the contract by the respondents.

When they had completed this work "to the satisfaction of the architect," they were entitled to their pay for the work although some parts had been omitted by consent of the architect, who was the agent, in that behalf, of the appellant.

The finding of the referee was adopted by the circuit court, and in that court was entitled to the same consideration as the verdict of a jury. (Statute, p. 151, sec. 226.) Unless it was clearly against the evidence, the court should have given judgment on the report. We think, in this case, that we are not warranted in going behind this report to determine from the evidence the correctness of the findings of facts by the referee, but that these findings should be taken as true, unless the same are manifestly erroneous, which does not appear in this case.

We think, therefore, that, from the facts as found, the respondents did perform their contract, and that all the questions presented by counsel for the appellant as to the right of a party to recover for the value of his services on a special contract, when the same has not been fully completed, but such services have been of value to the party for whom they were performed, become immaterial in the determination of this case.

We think the rule in this state is, that where one performs service for another on a special contract, and for any reason, except a voluntary abandonment, fails to fully comply with his contract, and such compliance becomes impracticable, and the service has been of value to him for whom it was

rendered, he may recover for such service its reasonable value.

We think what has been said disposes of all the material questions raised in the argument, and that the judgment of the circuit court should be affirmed with costs.