# Osborn *v.* Graves.

Referee.—The report of a referee is not part of the judgment roll, and cannot be so considered on appeal, any more than any other paper not properly a part of the transcript.

Pleading.—To render a judgment erroneous in consequence of the insufficiency of a pleading which supports the judgment, there must be a total defect of some material averment. It may be faulty because of its uncertainty, but the question cannot be raised for the first time upon appeal.

Appeal from Marion County.

*Bonham & Ramsey*, for appellant.

*W. G. Piper and N. B. Knight*, for respondent.

By the Court, Thayer, J.:

This appeal is from a judgment of the circuit court for the county of Marion, rendered in an action at law. The appellant sued the respondent in said circuit court to recover an alleged balance of $196.85, of money belonging to her, received by respondent from Mr. W. J. Herren; also an alleged balance of $20.65 for money loaned and for the use of a harvester. The respondent filed an answer denying the indebtedness, and set up as a further answer that one Lakin S. Osborn, husband of appellant, died at said county of Marion on the 17th day of December, 1881, leaving a will in and by which he bequeathed to her all his personal estate, devised to her all his real estate for life, and appointed her executrix of the said will; that subsequently thereto, and in December, 1881, she employed the respondent as her agent for the transaction of all her business, including such business as she would have to perform as executrix of the said will, and at the time of the employment agreed to pay

respondent a sum of money equal to the per centum which she would be entitled to receive under the law for the services as such executrix of said estate; that the estate as accounted for in appellant's final account, amounted to the sum of $9,518.57; that the per centum therein allowed by law, compensation to appellant as such executrix, amounted to the sum of $380.39; that in pursuance of said employment, respondent, as the agent of appellant, transacted all of her business, including her business as executrix, and continued to perform said services for her from December, 1881, until about the 8th day of August, 1882, when she was removed at her own request. That during that time nearly all the business of said estate was settled up; that for said services the appellant was indebted to him in the sum of $380.37. It was further alleged in said answer that between December, 1881, and August 8th, 1882, the respondent received from appellant, as her said agent, the sum of $890.00, and disbursed the sum of $771.20, leaving a balance of $118.80 receipts over and above expenditures. The respondent also set up as a further counter-claim, several items for work and labor performed by him for appellant, amounting to $21.25, and claimed a balance due him of $282.82. The appellant filed a reply to the new matter of defense and counter-claim set out in respondent's answer, in which she denied, in substance, that she was removed from her trust as executrix at her own request; denied the employment of respondent to transact the business referred to in said counter-claim, and any promise to pay him anything therefor; denied that the per centum allowed by law as compensation to said executrix amounted to any sum whatever, or that she was allowed any sum therefor, or that he transacted any business, except gratuitously, relating thereto;

denied any indebtedness on account thereof, and denied directly or qualifiedly all the allegations set forth in said new matter except that the allegation, "that said estate as accounted for in appellant's final account amounted to the sum of $9,518.51," is not denied specifically, or at all, unless it can be claimed to be denied in the general denial of the alleged per centum allowed by law. And the allegation, "that during that time nearly all the business of said estate was settled up," is only denied in the language of the allegation, and without any affirmative averment as to what part of said business was unsettled.

The appellant also set forth in her reply some new matter, but which it is not necessary to particularly refer to for the purposes of this decision.

The case was referred to J. T. Gregg, Esq., an attorney at law, to take the testimony, and report his findings of fact and law, to the court. The said referee thereafter made his report thereon in favor of the respondent for the sum of $148.57, which, having been confirmed by the circuit court, the judgment appealed from herein was entered in his favor and against the appellant. The case comes here upon the record, without any bill of exceptions, and we have no means of ascertaining whether the errors assigned in the notice of appeal are well founded or not, except from an inspection of the transcript of the pleadings and judgment. A copy of the referee's report has found it sway into the transcript, but it is quite doubtful in my mind whether we have any right to consider it for any purpose. It is certainly no part of the judgment roll, as that only includes, at most, " the summons and proof of service, the pleadings, bill of exceptions, all orders relating to change of parties, together with a copy of the entry of judgment, and all other journal

entries or orders in any way involving the merits and neces-
sarily affecting the judgment." (See sec. 269, Civil Code.)

"The transcript is a copy certified by the clerk, of the roll
or final record of the pleadings, orders, papers and journal
entries that constitute such roll or record, together with a
copy of the notice of appeal, and any order enlarging the
time to file the transcript, and a certificate of the filing of
the undertaking, whether by the appellant or respondent,
the names of the sureties therein, the amount thereof, if the
same is specified, and, if given by the appellant, whether the
undertaking is given for an appeal only, or a stay of pro-
ceedings also." (See sec. 531, Sub. 1, Civil Code.)

It is not a journal entry, as it is only required to be filed.
(Sec. 225, Civil Code.) It is not in that respect like the
decision of the court where a jury trial has been waived, as
that is required to be entered in the journal. (Sec. 216,
Civil Code.) So, also, is the verdict of a jury under the
direction of the court. (Sec. 210, Civil Code.) The fact
that the report is found in the judgment roll, and a copy
has been certified to this court as a part of the transcript,
does not authorize us to consider it, any more than it would
any other paper not properly a part of the transcript. A
habit has grown up with the clerks of the circuit courts to
include papers in the judgment roll, and to transmit copies
thereof to this court that do not belong to judgment rolls, and
are no legitimate part of the transcript; copies of subpœnas
to witnesses have frequently been sent here as a part of the
transcript on appeal. The transcript in this case includes
the copy of an affidavit and undertaking for an attachment,
and of the attachment writ, together with the sheriff's cer-
tificate of the service of the attachment, also a bill of costs
and disbursements in the circuit court. These papers can

certainly serve no purpose except to encumber the records and burden litigation with unnecessary fees. The statute declares what papers shall constitute the transcript, and provides that upon appeal from a judgment the same shall only be reviewed as to questions of law appearing upon the transcript. (Sec. 533, Civil Code.)

The court has no right to examine any paper in the transcript except those which legally constitute it. (Freeman on Judgments, secs. 78, 79.)

The appellant's counsel claims two points of error on the appeal: one of them is, that the first counter-claim set up in respondent's answer is insufficient; that the matter there set out shows that the respondent was to perform an entire service before he would be entitled to the compensation which he alleges was agreed upon between him and the appellant on account of it, and that it shows further that he did not complete the same; that he would not be entitled to compensation for a partial performance without averring a readiness and willingness to perform the entire work, and that he was prevented from completing it by the act of the appellant; that in any such case of partial performance the party can only recover *pro tanto* for the services performed, and damages for the breach of the contract on the part of the other party in preventing him from completing it. We have no particular fault to find with the counsel's propositions of law in the abstract, but we are unable to agree with him in their applicability to the facts of this case. The respondent undertook, it is true, to transact all the appellant's business, but whether it included other than that pertaining to her business as executrix, is not clear, nor, as I view it, is it important. There must certainly have been a limit intended as to the time the respondent was to con-

tinue to transact her business. It might be inferred, I think, that in any event he was only to transact her business during the continuance of her administration of her husband's estate. The averments are that the respondent was to transact all appellant's business, including such as she would have to perform as executrix, etc., and that for such service she promised to pay him a sum of money equal to the per centum allowed by law; that the estate accounted for in her final account amounted to $9,518.57, and the per centum to the sum of $380.37; that he transacted all her business, including said business as executrix, from December, 1881, until the 8th of August, 1882, when she was removed at her own request; that during that time nearly all of the business of said estate was settled up. When the appellant was removed from her trust as executrix, the respondent's employment must have been at an end, and he then certainly had a claim for compensation. Whether he could claim for full compensation, or should have claimed for partial compensation, as appellant's counsel contends he should have done, depends upon the fact as to whether the estate was or not, so nearly settled up that she was entitled to the per centum. The words, "nearly all the business of said estate was settled up," do not necessarily imply that any material part of the business was unsettled. It may have been that every thing which could have been required of the respondent had been done, that nothing remained to complete the settlement save some action of the court. I admit that if this question had arisen upon a demurrer, or motion to make more definite and certain, it would be more difficult to sustain the pleading, but it arises after judgment, after there has been a trial, and where every reasonable intendment will be indulged in its favor; the appellant did not in her reply

undertake to set out in what respect the business was not settled up, she merely denied that it was *nearly* all settled up. She has had a full opportunity to show before the referee in what respect it was not settled, and thereby reduce the respondent's compensation or defeat entirely his recovery under the form in which the counter-claim is stated. Besides, the business unsettled may appertain to some matter which did not necessarily interfere with her accounting for the estate so as to entitle her to the compensation provided by law. It was not necessary that she should have received the compensation; the promise alleged was that she was to pay respondent a sum of money equal to the per centum she was entitled to receive under the law for her services as such executrix. That compensation is a commission upon the whole estate accounted for by her. (See sec. 1148, Civil Code.) And the respondent alleges "that the estate as accounted for in plaintiff's ( appellant's ) final account amounted to the sum of $9,518.51." If this allegation is true and we must regard it after judgment as having been proved, then she was entitled to her commission, although some minor matters remained incomplete. The difficulty is that we can not determine from the words, "nearly all of the busines of said estate was settled up," whether the portion remaining unsettled affected the appellant's right to the compensation the respondent alleges she was entitled to receive. The appellant's attorney having failed to demurr to the pleading or to attempt to compel the respondent to make it more definite and certain, and having answered it and gone to trial upon it in the form it was drawn, every reasonable intendment should be given in its favor; under that view we are not able to determine that the judgment is erroneous upon the point considered. To render a judg-

ment erroneous in consequence of the insufficiency of a pleading that supports the judgment, there must be a total defect of some material averment. It may be faulty because of its uncertainty, but that must be taken advantage of by motion in the lower court. It can not be raised for the first time upon appeal.

The other point of error claimed, is, that the findings of facts are not sufficient to support a judgment in favor of the respondent; this takes us back to the question whether we have any right to consider the referee's report, it not having been incorporated into a bill of exceptions. In an appeal from a decree given in a suit in equity where there has been a reference, the report might properly be certified to this court. It might, in such a case, be considered as a paper on file in the office of the clerk of the court from which the appeal was taken, containing the evidence heard or offered in that court. (See sub. 2, sec. 531, Civil Code.) It would be so connected with the evidence that it necessarily would have to be sent here, like the authentication of a deposition. Besides, such reference is made to advise the court which orders it, and as the case on appeal is tried anew, the appellate court is equally entitled to the benefit of the report, but in an action at law the practice is certainly different. This court ought not to be required to examine at large the report of a referee in such cases, any more than it should be to examine the evidence filed with it. If, when the report of a referee in an action at law is filed, a party is dissatisfied with a ruling of the circuit court in regard to confirming it, setting it aside, or in requiring the findings to be made more specific, or further findings to be made, and desires to have the ruling reviewed in this court, he should prepare a statement of the exceptions "with so much of the evidence

or other matter as is necessary to explain it and no more." By that course the point can be presented here as a pure question of law, and a concise answer thereto given; the practice here indicated has not been enforced, but the reason, most probably, has been that counsel have failed to insist upon it; they have allowed reports of referees in such cases to be regarded as a legitimate part of the transcript, the same as they have permitted transcripts to be brought here which included all manner of documents foreign to them, and which clients have been compelled to pay for copying. We have looked into the findings of the referee in this case, and while we are of the opinion that the findings of fact, liberally construed, are sufficient to support the judgment, yet we prefer to place our decision of the point upon the grounds that the report does not constitute any part of the transcript, and that we have no right to consider the question the appellant's counsel makes regarding it.

The judgment of the court appealed from, is therefore affirmed.