[Filed June 20, 1889.]

# R. McDONALD, Appellant, v. THE AMERICAN MORTGAGE COMPANY OF SCOTLAND, LIMITED, Respondent.

Facts Set Forth in an Answer, Which, in Effect, only Controvert the Allegations of a Complaint, may be properly pleaded in connection with a direct denial of the main allegations thereof; and they may be so pleaded by way of confession and avoidance of the cause of action alleged in the complaint, although the denial be of such a character that, if true, would defeat such cause of action. In such case, however, the denial must be special or qualified.

Separate Defenses to a Cause of Action are not Inconsistent when they all, taken together, may be true; but when the truth of some of them cannot be maintained without falsifying others, they are inconsistent.

A Further Answer by Way of Confession and Avoidance of the Matters Alleged in a Complaint is inconsistent with a specific denial thereof; but may properly be pleaded with a special or qualified denial, such as a denial with an *absque hoc*.

Where an Action was Brought against the A. M. Co. of S. to recover a claim for work, labor, and services alleged to have been performed for it by a law firm, upon its retainer, and for money paid and agreed to be paid by said firm in the prosecution of its business and at its request; and said A. M. Co., in its answer, denied that it ever retained said law firm, or that said firm ever performed services, or paid out money for it, or that it ever had a contract with said firm, or that it ever promised to pay said firm for any services or money paid out; and for a further answer alleged, in substance, that the services rendered and money expended by said law firm, sought to be recovered in the action, were so rendered and expended for and at the instance and request of a third party under and by virtue of a contract entered into by and between the A. M. Co. and such third party, whereby said third party had agreed, for a certain consideration, to perform the said services and pay the said money, and at its own charge and expense to pay all expenses connected therewith of every nature and description, and to hold the said A. M. Co. harmless against the same; and that the terms of said contract were well known to said law firm when engaged by said third party to perform said services and expend said money: *held*, that the facts contained in such further answer were not sham, frivolous, or irrelevant, nor inconsistent with the said denial. *Held, also*, that a further answer or defense interposed by the said A. M. Co., in the said action, wherein it charged and alleged that said law firm was guilty of gross negligence in the performance of said services, occasioning it great damage, was properly united as a ground of defense with said denial.

UNDER THE PROVISIONS OF THE OREGON CODE, the court may direct a reference without the consent of the parties, or of its own motion, where the trial of an issue of fact requires the examination of a long account on either side. Where, therefore, the plaintiff's claim consisted of about 180 items in number, which varied in amount from fifty cents to $550, as shown by a bill of particulars furnished by the plaintiff: *held*, that the case was a proper one for the court to direct a reference. The decision in *Tribou* v. *Strowbridge*, 7 Or. 156, approved.

APPEAL from a judgment of the Circuit Court for the county of Multnomah, entered upon the confirmation of the report of a referee.

The appellant commenced an action against the respondent in the said circuit court, to recover a claim for work, labor, and services alleged to have been performed by the law firm of McDougall & Bower, as attorneys, between the second day of February, 1882, and the first day of September, 1887, for the respondent, upon its retainer, and for money paid and agreed to be paid by said firm in the prosecution of the respondent's business, at its request, which claim the appellant alleged had been assigned to him by said McDougall & Bower; also to recover a claim for the breach of an agreement, alleged to have been entered into between the respondent and said law firm on the twenty-fifth day of February, 1882, whereby said firm agreed and undertook to perform work and services as attorneys at law in loaning money for respondent on real-estate security in the state of Oregon and territories of Washington and Idaho, for which the respondent, besides the payment of certain fees, agreed to retain said firm in prosecuting all suits and actions for the foreclosure and collection of any mortgages and loans that might be accepted by the respondent, and upon the abstract of which the said firm had passed and certified, and to pay said firm for such services a reasonable compensation in all such matters, suits, and actions brought

to foreclose and collect any such loan or mortgage, which latter claim the appellant also alleged had been assigned to him by said McDougall & Bower. The appellant alleged in his complaint in said action that there was due him upon the first of said claims the sum of $10,717.14, and upon the second one the sum of $12,000. The respondent, in its answer to the said complaint, denied that it ever retained said law firm, or that said firm ever performed services or paid out money for it, or that it ever had a contract with said firm, or that it ever promised to pay said firm for any services or money paid out. And, for a further answer, alleged hypothetically that the services rendered and money expended by said law firm, sought to be recovered in the action, were so rendered and expended for and at the instance and request of the Oregon and Washington Mortgage Savings Bank of Oregon, a corporation, and under and by virtue of a contract entered into by and between respondent and said bank, which took effect November 1, 1882, whereby said bank, in consideration of a portion of the interest to be earned upon loans of respondent's money, made by said bank, which was agreed to be paid and was paid by said bank therefor, agreed and bound itself to conduct the respondent's business and act as its agent in all its business in the state of Oregon and territories of Washington and Idaho, and at its own charge and expense to pay the remuneration of all attorneys and all cost of court, and all cost and expenses of foreclosing the respondent's mortgages and collecting its debts due upon said loans, and all expenses of every nature and description in and about the business of the respondent in said state and territories, and to hold the respondent harmless against the same, which said terms of said contract were well known to said McDougall & Bower at the time thereof; that all the mortgages foreclosed by said law firm, for

which appellant sought to recover foreclosure fees in the action, provided by their terms for the payment by the mortgagors of the sum of twenty per cent upon the amounts due therein at the time of foreclosure, as attorney's fees in such foreclosure suits, and all of the foreclosure suits brought by said law firm were brought under said agreement between the respondent and said bank under an express agreement made between said bank and said law firm, whereby the latter agreed to conduct said suits in consideration of the attorney's fees so stipulated to be paid by the mortgagors when the same should be realized upon foreclosure; and that until such attorney's fees could be collected and received by the bank for the respondent, over and above the mortgage debts, interests, and costs upon such loans, no foreclosure fees whatever should be due or payable to said firm; that on the foreclosure of said mortgages the lands mortgaged were bid in by the said firm in the name of respondent without its knowledge or consent, and for the amount of the respective loans, interests, costs, and attorney's fees stipulated therein to be paid, and the accruing costs; and that respondent holds said lands and is unable to sell the same; and that the value of said lands, at the time of such foreclosure sales, and at all times since, has been less than the amounts of said respective bids by at least fifteen thousand dollars; and that respondent cannot realize out of said lands the amounts due it upon the loans so made, with the interest upon the same. And, as another and further answer, the respondent alleged that the fees sued for arose from proceedings on certain mortgages which the bank as its agent had taken under an agreement to take none but choice securities, and to vest a good title in respondent; that said McDougall & Bower were attorneys for the bank, and knew the terms of the agreement, and they furnished to said bank, to be furnished to

respondent, certificates certifying that they had made careful examinations, and that the respective mortgagors were seised in fee-simple of the lands mortgaged, and that they were free from encumbrance; and respondent, relying upon such certificates, made the loans; that said certificates were made without examination of the records, and in some instances the mortagors had no title, and in some there were prior liens; that the said attorneys were grossly negligent in many instances, which were enumerated in the answer, which occasioned damages to respondent amounting in the aggregate to more than the claim of the appellant for damages. The appellant filed motions to strike out these further answers, on the ground that they were sham, frivolous, and irrelevant, which motions the court denied. The appellant then filed a reply controverting the new matter set up in the answer. The other facts in the case sufficiently appear in the opinion of the court.

*McDougall & Bower*, for Appellant.

*Gearin & Gilbert*, for Respondent.

THAYER, C. J. — The main issue in this case in the circuit court was whether the performance of the services and expenditure of the money by the law firm of McDougall & Bower, as alleged in the complaint, were done and made in pursuance of a direct employment of said firm by the respondent, or were done and made under an arrangement entered into between said firm and the corporation known as the Oregon and Washington Mortgage Savings Bank of Oregon as a part compliance with a contract between the latter and the respondent.

If the respondent contracted with the Mortgage Savings Bank, as alleged in its answer, and the bank, in order to

carry out that contract, employed said law firm, and the services were rendered and money expended by the firm in pursuance of such employment, with an understanding of the relations existing between the bank and the respondent, then the firm had no recourse upon the respondent, but was necessarily obliged to rely upon the bank for compensation and remuneration.

That issue was tried by the referee, who appears to have found that said law firm performed the services and expended the money at the instance and request of the bank, pursuant to a contract entered into between the bank and the respondent, as alleged in the answer; that said firm had knowledge of the terms of said contract when the services were rendered and money expended, and the same were not done at the instance or request of the respondent.

Said finding stands as the verdict of a jury, and is conclusive against any right of recovery upon the part of the appellant. Unless, therefore, some error were committed at the trial, or in the proceedings had in the action, prejudicial to the rights of the appellant, this court has no alternative but to affirm the judgment appealed from.

The appellant in his notice of appeal assigned several grounds of error on which he intended to rely upon the appeal, and which his counsel insists are tenable. The first ground of error assigned is the denial of the appellant's motion to strike out parts of the respondent's answer, and his further answers to the complaint. The parts of the answer sought to be striken out relate to the allegations that the services rendered and money expended by the said law firm were not rendered and expended for the respondent, but for and on behalf of and at the instance and request of the said bank under and by virtue of the contract between the bank and the repondent before referred to; also to divers other parts of

the answer, including the respondent's claim to damages on account of the alleged careless and negligent manner in which said law firm conducted the business of loaning respondent's money; and substantially all that part of the answer not included in the denial, that the services were rendered and money expended for the respondent. The appellant's counsel contend that it was incumbent upon the appellant to show that the respondent employed the said law firm before he could claim a recovery in the action, whether said matters were pleaded or not, and that therefore it was unnecessary to allege them. If that were so, I do not think it follows that the facts set up in the further answers were sham, frivolous, or irrelevant within the meaning of the provisions of the code which permit such answers and defenses to be stricken out on motion. It may be true that said facts would not have been admissible in proof upon a mere traverse, but that should not deprive the respondent of the right to make its answer specific. The services rendered and money expended were ostensibly for the benefit of the respondent, and it was clearly proper, it seems to me, for it to allege all the facts under which they were done, in order to rebut any presumption that might arise from that circumstance. The pleading was in the nature of a confession and avoidance.

The respondent admitted, in effect, that the law firm did perform services and expend money in and about its business; and to avoid the presumption of a claim that might arise from that circumstance, alleged that it had contracted with the bank to do the business at a fixed compensation, the latter to employ the necessary attorneys therefor, and that said firm was employed by the bank to assist in carrying out such contract.

Nor was the defense that the law firm was guilty of negligence in the management of the said business irrele-

vant. It was unnecessary, if the other defense proved good; but the respondent's counsel could not be certain of that, and hence they prudently interposed the further defense to fall back upon, in the event of the failure of the former. A party has the right to set forth by answer as many defenses and counterclaims as he may have, and it does not follow, because he has set up one defense which is good upon its face, that, therefore, he shall not be permitted to set up another.

If a party were sued upon a promissory note which he had never made, but notwithstanding had paid, he certainly would not be precluded from denying the making of the note, and, at the same time, pleading its payment. The rule, as I understand it, in regard to inconsistent defenses is, that defenses are not inconsistent when they may all be true; that they are only inconsistent when some of them must necessarily be false, if others of them are true; in such case they cannot be united. The two defenses set up in the answer, that the respondent never employed the law firm of McDougall & Bower, and that they were guilty of gross negligence in the management of the business, were not necessarily inconsistent, as they both may have been true. If the respondent had denied the *rendition* of the services, and then alleged that they were negligently and unskillfully performed, the case would have been different. In the latter case, the two defenses, unless the denials were with an *absque hoc*, as it was termed, would be inconsistent, as both could not be true. I think the motion to strike out was properly overruled. If, however, the ruling had been erroneous in that particular, it would have been no ground for reversing the judgment, and it could not possibly have prejudiced the appellant.

Another of the grounds of error assigned is, that the court erred in referring the action. The record discloses

that the respondent's counsel filed a motion to refer the case to a referee; that the motion was made mainly upon the pleadings in the cause; that it was argued by counsel *pro* and *con;* that the court found that the trial of the issues in the case would require the examination of a long account; that it was a case proper to be referred; and thereupon the order of reference was made. An examination of the proceedings in the action shows that the appellant, in compliance with a demand in writing made by the attorneys for the respondent, furnished a bill of the items of account of the labor and services and of the money paid out and expended by the said law firm, which are alleged in the complaint, and that said items consisted of about 180 in number, which varied in amount from fifty cents to $550. From this fact, the circuit court seems to have made the holding referred to, of which the appellant's counsel complains.

The code, section 222, provides that the court may direct a reference when the trial of an issue of fact shall require the examination of a long account on either side, without the consent of the parties, or of its own motion. It has been claimed, however, that said provision of the code was unconstitutional; but this court, in *Tribou* v. *Strowbridge,* 7 Or. 156, held otherwise, and I think we are bound by that holding. According to the decision in that case, the order of reference herein was properly made, and should be sustained.

I have examined the other grounds of error assigned, and do not think they are well taken. There were some irregularities in returning certain commissions issued to take the depositions of witnesses on the part of the respondent, but they were not of a character which would justify the court in suppressing the depositions taken under the commissions.

The judgment appealed from will therefore be affirmed.