Argued December 6; decided December 27, 1897.

TRUMMER *v.* KONRAD.

[ 51 Pac. 447.]

REFEREE'S REPORT NOT PART OF THE TRANSCRIPT. — A report of a referee
is not part of the transcript on appeal, and cannot be considered
unless properly included in the bill of exceptions: *Osborn* v. *Graves*,
11 Or. 526, and *Van Ribber* v. *Fields*, 25 Or. 527, applied.

COMPULSORY REFERENCE— TRIAL BY JURY.*— The constitutional right to
a trial by jury is not infringed by section 222, Hill's Annotated
Laws, authorizing the trial court to direct a reference when the
issue of fact to be tried involves the examination of a long ac-
count: *Tribou* v. *Strowbridge*, 7 Or. 156, and *McDonald* v. *American
Mortgage Company*, 17 Or. 626, followed.

PRESUMPTIONS. — In the absence of a showing to the contrary, it will
always be presumed that the proceedings of a trial court were law-
ful and regular, as, for example, that a law action was properly re-
ferred to a referee, and that the amount allowed as an attorney's
fee on a note was reasonable.

IDEM.— It will be presumed on appeal, in the absence of any legal evi-
dence to the contrary, that a judgment was supported by the find-
ings of fact, where only the judgment is in the record and the ac-
tion was tried before a jury.

JUDGMENT.— A judgment on a referee's report is not premature where
the judgment was not rendered until nine days after filing a mo-
tion to modify certain findings of the referee.

From Multnomah: E. D. SHATTUCK, Judge.

*NOTE. — The constitutionality of a compulsory reference as a denial of a
right to jury trial is the subject of a note to *Steck* v. *Colorado Fuel Co.* (N. Y.)
25, L. R. A. 67. — REPORTER.

For appellant there was a brief and an oral argument by *Messrs. Adolf Schutz* and *Lewis A. Ward.*

For respondent there was a brief and an oral argument by *Mr. Schuyler C. Spencer.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is an appeal by the defendant from a judgment rendered against him for the sum of $533.15, the amount due on a promissory note, including attorney's fees. The notice of appeal assigns as error the action of the court (1) in directing a reference; (2) in rendering judgment for the amount demanded in the complaint, notwithstanding the finding by the court that defendant was entitled to a credit of $133 on his counterclaim; (3) in making the unreasonable award of $75 as attorney's fees after finding such credit should be allowed; and (4) in adjourning the court for the term the same day the judgment was rendered, thereby depriving the defendant of his right to a day in which to move for a new trial.

No bill of exceptions appears in the transcript, but the report of the referee, and the order of the court modifying the fifth and setting aside the eleventh finding of fact, are included in the record. In *Osborn* v. *Graves*, 11 Or. 526 (6 Pac. 227), THAYER, J., in speaking of the report of a referee included in the transcript on appeal, but not made a part thereof by bill of exceptions, says: "The fact that the report is found in the judgment roll, and a copy has been certified to this court as a

part of the transcript, does not authorize us to consider it, any more than it would any other paper not properly a part of the transcript." In *Van Bibber* v. *Fields*, 25 Or. 527 (36 Pac. 526), the principle announced in the preceding case was approved and followed, so that the rule may be considered as settled in this state.

The statute authorizes the trial court to direct a reference when the issue of fact to be tried involves the examination of a long account (Hill's Annotated Laws, § 222); and it has been held that the power thereby conferred was not an infringement of the constitutional right to a trial by jury: (*Tribou* v. *Strowbridge*, 7 Or. 156; *McDonald* v. *Mortgage Company*, 17 Or. 626 (21 Pac. 883).

It must be presumed that official duty has been regularly performed, and, this being so, it follows, in the absence of any proof to the contrary, that the reference was made in pursuance of law; and it must also be presumed, for like reasons, that the amount awarded as attorney's fees was reasonable.

The report of the referee, improperly included in the transcript, and the modifications thereof by the court, constitute the findings of fact upon which the judgment is predicated; but, since the action was not tried by the court in the absence of a jury, the judgment only is before us; and it must be presumed, in the absence of any legal evidence to the contrary, that it is supported by the findings of fact.

The transcript shows that on July 1, 1895, defendant's counsel moved to modify and set aside certain

findings of the referee, and that, on the tenth of that month, the court, in part, granted his motion. The findings of a referee in an action at law must be regarded as the special verdict of a jury upon the issues for trial, and a motion to modify or set aside such findings is to be treated as a motion for a new trial; and, since the judgment was not rendered until nine days after the motion was filed, it cannot be said to have been prematurely given. It follows that the judgment must be affirmed, and it is so ordered.

AFFIRMED.