Argued July 14, affirmed September 12, rehearing denied December 5, 1916.

## HANCOCK LAND CO. *v.* PORTLAND.

(159 Pac. 969.)

**Evidence—Admissions of Counsel.**

1. On appeal in a suit against a city to cancel an assessment of realty and to enjoin its sale, where defendant's counsel admitted that the proof of the posting of notices of the proposed improvement originally filed did not meet the requirements of Portland City Charter, Section 376, and that, if the proceedings were based only on such proof, there was a lack of jurisdiction, the court would assume that the proof submitted was inadequate.

> [As to silence of attorney when opposing attorney during trial states matter of fact admitted by adverse party as admission of such matters, see note in Ann. Cas. 1913E, 945.]

**Evidence—Presumptions—Rebuttal.**

2. Section 868, subdivision 2, L. O. L., provides that the jury are not bound to find against a presumption or other evidence satisfying their minds, and Portland City Charter, Section 404, provides that in any suit assessment proceedings shall be presumed to be regular until the contrary is shown. In a suit to cancel an assessment of real property and to enjoin its sale where the defendant relied on the presumption of regularity, the affidavit of the posting of the notices of the proposed improvement, received in evidence, was defective. *Held,* that a presumption cannot contradict facts or overcome facts proved; that the affidavit overcame the presumption that official duty had been regularly performed, and imposed upon the defendant the duty of introducing in evidence another affidavit regular in form, showing the posting of the notices as required, or to substantiate the loss of such proof in the manner prescribed by law.

From Multnomah: LAWRENCE T. HARRIS, Judge.

Department No. 1.   Statement by Mr. Chief Justice Moore.

This is a suit by the Hancock Land Company, a corporation, against the City of Portland, a municipal corporation, to cancel an assessment of real property and to enjoin the sale of the premises alleged to have been benefited by a street improvement. The complaint states generally that, pursuant to authority conferred by the common council of Portland, Page Street in that city was improved from the east line of Albina Avenue to the west line of Ross Street, extended southerly, and the cost thereof $3,568.38, was undertaken to be imposed upon the real property bordering upon that part of Page Street and asserted to have been benefited by the improvement; that a part of the land thus included within the prescribed district was, at the time the improvement was made, owned by the heirs of J. B. Montgomery, deceased, and their estate in the premises was assessed to the extent of $1,581.16, which sum was entered in the docket of city liens; and that thereafter the plaintiff purchased from such heirs the real property last referred to, "subject to said assessment." The initiatory pleading particularly sets forth many alleged failures to comply with the municipal law in respect to the making of the improvement, only one of which defects will be adverted to:

"That the charter of the City of Portland also provides: 'Sec. 376. The resolution of the council declaring its purpose to improve the street shall be kept of record in the office of the auditor and shall be published for ten consecutive publications in the city official newspaper. The city engineer within five days from the first publication of said resolution shall cause to be conspicuously posted at each end of the line of the contemplated improvement a notice headed "Notice of Street Work" in letters of not less than one inch in

length, and said notice shall contain in legible characters a copy of the resolution of the council and the date of its adoption, and the engineer shall file with the auditor an affidavit of the posting of said notices, stating therein the date when, and places where the same have been posted.' That the defendant disregarded said provisions of the charter and neglected and failed to post at each end, or to post at all, in a conspicuous place, the notice provided in said section of the city charter, and the city council failed to obtain jurisdiction of said property, and its proceedings in relation to said improvement were void."

The answer admits, *inter alia,* the excerpt quoted from the charter, denies that there was any failure to comply with the requirements of such municipal law in making the improvement, and sets forth facts as further defenses. The averments of new matter in the answer were denied in the reply, and based on these issues the cause was tried, resulting in a decree granting the relief prayed for in the complaint, until a reassessment of the real property within the district can be made, and the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Henry A. Davie,* Deputy City Attorney, and *Mr. Walter P. La Roche,* City Attorney, with an oral argument by *Mr. Davie.*

For respondent there was a brief over the name of *Messrs. Boothe & Richardson,* with an oral argument by *Mr. J. F. Boothe.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. At the trial the plaintiff's counsel offered in evidence an affidavit of posting the notices of the pro-

posed improvement, whereupon the court, referring to such written sworn. statement, remarked:

"As I understand, counsel for the defense admits this proof of posting originally filed does not meet the requirements of the law?"

The defendant's counsel replied:

"Yes; we will admit that.

"The Court: And that if the proceedings were based only on this original proof, that there is disclosed a lack of jurisdiction?

"Defendant's Counsel: Yes; if they were based on that alone, it would disclose a lack of jurisdiction."

Neither the original affidavit of the posting of the notices nor a copy thereof has been brought to this court. It will be assumed, from the admission of the defendant's counsel, that the proof submitted was inadequate. It is admitted by defendant's counsel that the posting of notices of the street improvement was a jurisdictional prerequisite, but contended that proof thereof by filing the city engineer's affidavit was not essential to an exercise of the power of the common council to hear and determine that matter. They maintain that, notwithstanding the defective affidavit of such posting which was made, filed and received in evidence, the trial court should have disregarded such proof and invoked the presumption that official duty had been regularly performed, but in failing to do so and in granting the relief prayed for in the complaint errors were committed.

2. Section 404 of the municipal law reads:

"In any action, suit or proceeding in any court concerning any assessment of property or levy of taxes authorized by this charter, or the collection of such tax or proceeding consequent thereon, such assessment, levy, consequent proceeding, and all proceedings con-

nected therewith, shall be presumed to be regular and to have been duly done or taken until the contrary is shown.''

Rule 119 of Lawson's Law of Presumptive Evidence is as follows:

''A presumption cannot contradict facts or overcome facts proved.''

A text-writer in discussing this subject observes:

''There is some confusion in the cases upon the question whether a presumption is evidence and has probative force. Since the function of a presumption logically considered is merely to impose the burden of going forward with the evidence upon the party against whom it operates, when contrary evidence is adduced the presumption disappears, although the facts upon which it rested still remain as evidence in the case'': 9 Ency. Ev. 885.

In the absence of any other proof, a presumption is usually indulged as substantive evidence to substantiate or refute a material fact. The jury, however, are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds: Section 868, subd. 2, L. O. L. In the case at bar the trial court, for want of any other evidence on the subject, would undoubtedly have been authorized to indulge the presumption now invoked, and, having done so, to deduce therefrom the conclusion that the notices of the street improvement had been regularly posted, and that the engineer had filed with the auditor an affidavit as required by Section 376 of the charter, stating in the written sworn declaration the date when and the places where the same had been posted, but that the affidavit had been mislaid or lost. In the present

instance the affidavit was produced and received in evidence, thereby overcoming the presumption that official duty had been regularly performed and imposing upon the defendant the duty of introducing in evidence another affidavit, regular in form, showing the posting of the notices as required, or to substantiate the loss of such proof in the manner prescribed by law. The presumption can be relied upon "until the contrary is shown": Section 404, City Charter. The contrary having been established as thus stated, no foundation remained upon which to predicate the presumption. Thus in *Hughes* v. *City of Portland*, 53 Or. 370, 384 (100 Pac. 942, 948), Mr. Justice BEAN, discussing this subject, says:

"In a suit to enjoin the enforcement of a reassessment, it will, when the record of the council is silent, be presumed that the objections of the property owners were considered by the council and found without merit, when it subsequently passes the reassessment ordinance, as though such objections were not in the way."

To the same effect see, also, *Trummer* v. *Konrad*, 32 Or. 54, 56 (51 Pac. 447); *Duniway* v. *Portland*, 47 Or. 103, 117 (81 Pac. 945); *Goodnough Merc. Co.* v. *Galloway*, 48 Or. 239, 243 (84 Pac. 1049).

The decree is therefore affirmed.       AFFIRMED.

OPINION CORRECTED AND REHEARING DENIED.

MR. JUSTICE BENSON, MR. JUSTICE MCBRIDE and MR. JUSTICE BEAN concur.

Decided December 5, 1916.

## On Petition for Rehearing.

(161 Pac. 250.)

Former opinion corrected and petition for rehearing denied.

*Mr. Henry A. Davie,* Deputy City Attorney, and *Mr. Walter P. La Roche,* City Attorney, for the petition.

*Messrs. Boothe & Richardson, contra.*

Department No. 1.   Opinion by Mr. Chief Justice Moore.

In the former opinion, in referring to evidence received at the trial, it is said:

"Neither the original affidavit of the posting of the notices nor a copy thereof has been brought to this court."

The transcript relating to this matter reads:

"The plaintiff offers the original proof of posting, and we ask to have it marked 'Plaintiff's Exhibit C,' with the privilege of withdrawing the same and substituting a copy."

Attached to the transcript is a paper having in typewriting at the top thereof the words: "Plaintiff's Exhibit 'C.'" There is no certificate appended to indicate that it is a copy of the evidence so received. In the excerpt quoted from the opinion, the word "certified" should have been employed to limit the word "copy" as there used. No doubt is entertained in this instance that what purports to be a copy of the affidavit referred to is an exact exemplification of the original. By the language first hereinbefore quoted it was designed to show that, if such practice was approved, it

might be possible in some other case for designing parties to substitute spurious exhibits which might escape the attention of adverse parties, thereby imposing upon this court.

With the insertion of the qualifying word mentioned, and correcting the former opinion in this particular, the petition for a rehearing is denied.     AFFIRMED.

FORMER OPINION CORRECTED AND REHEARING DENIED.