Argued January 6; affirmed January 20; rehearing denied
February 24, 1931

## PEARSON *v.* OREGON–WASHINGTON RAILROAD & NAV. CO.

(295 P. 201, 296 P. 50)

I. C. *Ankelis*, of Portland, for appellant.

*Roy F. Shields*, of Portland (Arthur C. Spencer
and Frederick J. Betts, both of Portland, on the brief),
for respondent.

BROWN, J. The single question presented for determination in this cause arises out of the plaintiff's objection to the order of the court directing a reference of the case for trial, which he asserts has resulted in the denial to him of "both the constitutional and common-law right to a jury trial."

Oregon Code 1930, § 2-602, provides:

"When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases:

"(1) When the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein. * * *"

■ For a full discussion of this question by our court, see the early case of *Tribou v. Strowbridge,* 7 Or. 156. The opinion in that case was written by Mr. Justice Boise and concurred in by Kelly, C. J., and Prim, J., all being members of the Constitutional Convention. In that case it was insisted by the appellants that the trial court had no authority to refer the case to a referee, for the reason that it was an action at law. In determining the case the court, basing its ruling upon a statute identical in its provisions to the section of our code above set out, held that, when necessary to determine material issues of a cause involving the examination of accounts of either party, it was proper to appoint a referee whether the parties had consented or not. But the appellants asserted that the statute under which the referee was appointed was void, in that it was in conflict with section 17, article 1 of the Oregon Constitution providing that "in civil cases the right of trial by jury shall remain inviolate." Answering that contention, the court said:

"This language of the Constitution indicates that the right of trial by jury shall continue to all suitors in courts in all cases in which it was secured to them by the laws and practice of the courts at the time of the adoption of the Constitution. * * * (Citations).

"The statute in question was passed by the legislature of the late Territory of Oregon in 1854, and has

been copied into the present code; so that this statute has been in force since that time, and was the law of the territory at the time the Constitution was adopted, and, therefore, does not abridge the right of trial by jury as it existed when we became a state. Under this statute, cases like this have been referred and tried by a referee, without question as to the authority of the court to order the reference, for a quarter of a century; and was there doubt as to the constitutionality of this statute, it would, under the circumstances and the sanction of long usage, have to be solved in favor of the statute. Cooley's Constitutional Limitations, 74; 6 Cranch, 128; 10 Wharton, 53; 3 Peters, 433.''

To similar effect, see *McDonald v. American Mtge. Co.,* 17 Or. 626 (21 P. 883); *Trummer v. Konrad,* 32 Or. 54 (51 P. 447); *Mitchell v. Oregon Women's Flax-Fiber Ass'n,* 38 Or. 503 (63 P. 881); *Salem Traction Co. v. Anson,* 41 Or. 562 (67 P. 1015, 69 P. 675); *Kaston v. Paxton,* 46 Or. 308 (80 P. 209, 114 Am. St. Rep. 871).

It is unnecessary to go abroad to find authority for the action of the circuit court in making the reference in the case at bar. The order appointing the referee is based wholly upon statutory authority. Moreover, the opinion rendered in the Tribou case hereinbefore discussed is plain and understandable, and has never been overturned. The plaintiff's complaint discloses that, to determine the amount he should receive in accordance with his own averments, would require extensive examination and analysis of long and complicated accounts. It is difficult to understand how the sum of money saved to the defendant by adopting the plaintiff's invention could be determined without a comparison of the cost of repairing the bridge under the ordinary method as represented by plaintiff with the cost under the method employed. And, to make this finding, it would be necessary to

analyze all items required by each plan. We are satisfied that the procedure of the court in appointing a referee to determine the accuracy of the accounts involved herein was proper, and was not an abuse of discretion.

This case should be affirmed. It is so ordered.

BEAN, C. J., and KELLY and CAMPBELL, JJ., concur.

Petition for rehearing denied February 24, 1931

## ON PETITION FOR REHEARING
### (296 P. 50)

BROWN, J. The appellant has petitioned for a rehearing, upon the ground that the court erred in holding that he was not entitled to a jury trial. In his brief in support of the petition, he states:

"A jury trial is a constitutional and common law right of every suitor in an action at law from time immemorial. The right to a jury trial is considered so fundamental that it has been written into the constitution of every one of the forty-eight states, including Oregon. To deny one of a jury trial under such circumstances is a very serious matter, unless the law is clear."

In rendering our original opinion herein, we relied upon and followed the case of *Tribou v. Strowbridge,* 7 Or. 156. In that case, Mr. Justice BOISE recited the early history of the statute upon which the order herein was based, and held it to be constitutional. This statute is now referred to as Oregon Code 1930, § 2-602.

■ Section 17, article 1, Oregon Constitution, relating to trial by jury in civil cases, was discussed by Mr. Justice LORD in *Deane v. Willamette Bridge Co.,* 22 Or. 167 (29 P. 440 15 L. R. A. 614), and again in

*Fleischner v. Citizen's Investment Co.,* 25 Or. 119 (35 P. 174), where MOORE, J., in speaking for the court, adopted the interpretation placed upon it by Mr. Justice BOISE in *Tribou v. Strowbridge,* supra, as set out in our original opinion. In the Tribou case the eminent justice held that as the practice prior to the adoption of the Constitution permitted a court of law to refer long accounts for computation, the right to do so continued, notwithstanding the prohibition of the Constitution.

The Tribou case is also followed by Mr. Justice McBRIDE in *Stevens v. Myers,* 62 Or. 415 (121 P. 434, 126 P. 29), where he quoted from the former case as follows:

"This language of the Constitution indicates that the right of trial by jury shall continue to all suitors in courts in all cases in which it was secured to them by the laws and practice of the courts at the time of the adoption of the Constitution. * * * So that, in order to ascertain whether such right exists in this case, we must look into the history of our laws and jurisprudence at and before the adoption of the state Constitution."

Commenting upon the above excerpt, the learned jurist said:

"This declaration derives additional weight, not only from the great reputation of the jurist who uttered it, but from the additional fact that he sat as a member of the convention which framed the Constitution, and that both his associates, Justices KELLY and PRIM, who concurred in the opinion, were members of the same body. Rousseau's remark that 'he who made the law best knowns how it should be interpreted,' applies here with peculiar force. If anybody knew what was in the minds of the framers of the Constitution when they incorporated into it this valuable bulwark of our liberties, these three men knew." Then follow Oregon citations.

The constitutional right of every litigant to a jury trial as it existed under the common law at the time of the adoption of the state Constitution should not be nibbled away by narrow application or construction. Our holding herein is not repugnant to this truth. The order objected to by the appellant is based upon Oregon Code 1930, § 2-602, which is set forth in our original opinion. And, as evidencing the fact that the reference of the case was in accordance with this section, we direct attention to that opinion. It should be noted here that the accounts in the case at bar are longer and much more complicated than were those in the Tribou case, decided by Justices BOISE, KELLY and PRIM. The statute in question is valid and was properly applied in this cause. Manifestly, in a search for the truth a reference was in the interest of right and justice.

The petition for rehearing will be denied.

BEAN, C. J., KELLY and CAMPBELL, JJ., concur.