Argued April 11, reversed and remanded May 16, 1956

# BARTLETT *v.* NAB
## 296 P. 2d 928

*R. L. Miller*, argued the cause for appellant. On the brief were Miller & Marshall, Portland.

*Thomas R. Mahoney*, Portland, filed a brief for respondent.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and PERRY, Justices.

WARNER, C.J.

This is an appeal from a judgment in favor of the defendant in two separate actions consolidated for the purpose of trial. The first action of the plaintiff-appellant Bartlett against the defendant-respondent Nab was for a judgment in the amount of $9,332.29 for work, labor, services, and for money loaned. The defendant answered by a general denial and counterclaim for $1,450.00, alleging this as plaintiff's overdraft on a joint account of the parties.

Shortly thereafter, plaintiff filed a second and separate action against the defendant, wherein he alleged the defendant was indebted to him in the sum of $5,109.23. By way of answer to the second complaint the defendant set out the plaintiff's original action, then pending, and asserted that the allegations of the second complaint were based upon the identical transactions set forth in plaintiff's first cause. The defendant again denied liability and prayed that the second action be abated until such time as the original or first cause could be determined.

It appearing that both cases involved examination of long and complicated accounts, the court, with the consent of the litigants, entered an order that "in lieu of trial by the court" the matters involved be referred to a referee.

In due course, the referee filed his original and supplemental reports with the court. Being satisfied with the merits of the reports, the court adopted them as its findings of fact and entered judgment thereon. The net result was a judgment in favor of the defendant in the sum of $2,751.73.

The plaintiff asserts four assignments of error. We need, however, only consider the following two:

■ ■ That the court erred in entering judgment against the plaintiff in an amount in excess of the amount prayed for by the defendant in his counterclaim.

■ That the trial judge erred in granting judgment based on the referee's report.

The defendant concedes that the first assignment of error is well taken. A remittitur of that portion of the judgment in excess of the counterclaim having been filed with the clerk of this court, the assignment requires no further attention.

Consideration of the second assignment of error demands that we examine the statutes relating to the reports of referees. The statutes pertinent to the instant matter are:

ORS 17.755  "The report of the referees shall state the facts found, and when the order of reference includes an issue of law, it shall state the conclusions of law separately from the facts. The referees shall file with their report the evidence received upon the trial * * *."

ORS 17.760  "The report shall be filed with the clerk. If it is filed in term time, either party may within such time as may be prescribed by the rules of the court, or by special order, move to set the same aside or for judgment

> thereon, or such order or proceeding as the nature of the case may require * * *."

After a thorough perusal of the record we are constrained to hold that the proceedings below failed to comply with the statutes set out above. The report of the referee, dated July 3, 1953, is replete with phrases indicating the various kinds of evidence which were received by him, and upon which he relied in the preparation of his report to the court. There we find: "I have examined the books and accounts * * * which were submitted to me, and obtained such information as was possible from Messrs. Nab and Bartlett. As a result of this examination, the following exhibits and schedules have been prepared and are submitted * * *." The "exhibits and schedules" there referred to are summaries of financial matters apparently garnered by the referee from the books and records, and the information obtained from Messrs. Nab and Bartlett. The report of that date also speaks of "An examination of the contracts * * *" and "carbon copies of the contracts (which) acknowledge payments made which do not appear in the firm's books." Apparently, the books and accounts or contracts referred to were not filed in the circuit court as "evidence received upon the trial * * *" as required by ORS 17.755, supra. Nor was a transcript of the testimony of Messrs. Nab & Bartlett, which was made the basis of some information employed by the referee in his report, made available to the court. We say these things were "apparently" not filed in the lower court because no part of them has been brought here on this appeal.

■■ It is manifest that the provisions requiring the submission of evidence with a referee's report were

placed in the Code to give the courts a basis from which to determine whether or not the referee had any foundation for his findings, or erred in making them. This lack of knowledge concerning the character and legal import of the evidence examined by the referee in turn renders nugatory any order the court may have entered predicated upon the report standing alone.

■ In *Shell Company of California v. O'Reilly*, 121 Or 215, 219, 253 p 1046, we said:

"" * * this court can only look into the report of the testimony for the purpose of ascertaining whether there was any evidence competent to support the conclusion of the referee. We do not try the issue anew * * *.""

The referee failed to file with his report the evidence which he received, nor did his report separately state any conclusions of law. (ORS 17.755.) Consequently, this court, like the circuit court, is unable to determine from the record upon what facts or law the referee based his findings. Also see *Ward v. Town Tavern, et al,* 191 Or 1, 37, 228 P2d 216; and *Tribou & McPhee v. Strowbridge,* 7 Or 156, 160.

ORS 17.760 permits either party to move to set aside a report after a reference is filed with the court. This provision contemplates that the court will consider the objections of either party, when filed in due course, before entering judgment. On October 5, 1953, plaintiff filed his objections to the referee's report. Judgment was entered on October 10, 1953. The record indicates that these objections were never actually considered before entry of judgment, or ruled upon by the court except by implication. The court later directed that the record show the objections filed by the

plaintiff were never called to his attention for consideration or argument. A reading of the entire record indicates that the speed at which the trial judge proceeded during final conferences was a by-product of righteous indignation, incited by the dilatory tactics of the plaintiff.

The judgment is therefore reversed and the cases remanded for action consistent herewith.