Cook, J.,
delivered the opinion of the Court.
This was an action of assumpsit by Robert Blanton against the plaintiff in error. On the trial, the plaintiff offered to read in evidence, the deposition of L. W. Boggs, which is set out at large in the bill of exceptions; and so far as it is made the subject of the assignment of errors, states, substantially,- that in the spring of 1817, he delivered to Hanly, forty-nine ban-els of whisky, containing upwards of 1600 gallons, to be ' sold on commission, for Richard Blanton, and in May following, Hanly told him he had sold it for a dollar and twelve and a half cents per gallon; since which time, he, as agent of Blanton, had demanded the money of Hanly; that the whisky was consigned to L. W. Boggs & Co., composed of witness and Hanly; that witness was the acting partner of L. W. Boggs & Co., but received instructions from Richard Blanton to deliver the whisky to Hanly, which he did, and instructed him not to sell it for less than one dollar and twenty-five cents per gallon. Witness did not know whether Blanton knew that he continued a member of the firm of Boggs & Co., or not; yet the correspondence was carried on with Blanton in his individual name; that witness was instructed to deliver said whisky to Hanly before it arrived; witness was not to have any part of the commission on the sale of said *37 whisky; that, at the time the whisky was sold, Hanly had a mercantile establishment distinct from the concern of Boggs & Co. Defendant objected to the reading of this deposition, because Boggs was liable to Blanton, and because it proved the whisky to be the property of Richard Blanton, and not of Robert, the plaintiff. The Court overruled the objection of the defendant’s counsel to the reading of the deposition, on the ground of the interest of the witness; and the plaintiffs then proved, “ that before the commencement of said suit, L. W. Boggs, the agent, requested Joshua Barton, Esq., an attorney of that Court, to commence suit against said defendant, in the name of Richard Blanton, and gave him a written memorándum to that effect; and that, in the commencement of said suit, the attorney had used the name of Robert through mistake.” Whereupon the Court overruled the said objection of the defendant to the reading of said deposition, being of opinion, and declared it to the jury, that said plaintiff might recover upon the said testimony in that action: to which the defendant also excepted, and after verdict for the plaintiff, the defendant moved for a new trial. The errors assigned are, first, that the deposition of Lilbum W. Boggs was permitted to he read in evidence. Second, that evidence was admitted to prove that the plaintiff’s true name was Richard, and that tire name of Robert was used by mistake. Third, that the Court expressed an opinion on the sufficiency of the plaintiff’s evidence. Fourth, the Court refused to grant a new trial. The first objection was predicated on the deposition of L. W. Boggs itself, which shows that the whisky, which is the subject matter of the action, was consigned to the company composed of the witness and- defendant, and before the arrival of the boat, or vessel, he (the witness) was instructed individually to deliver it to Hanly to be sold on commission ; that at the time of receiving the cargo, the company had one establishment, and Hanly another, in which Boggs & Co. were not interested, and that the witness was not entitled to any part of the commission upon the sales of the whisky. The Court see no reason for rejecting the evidence of Boggs, on the ground of interest. On the second point, the evidence is, that the trae: action was with Richaid, and not with Robert Blanton. That Richard is the person who brought the suit, and that the name of Robert was used through mistake of the attorney. There is no doubt in this case as to tlio person of the plaintiff; the only question is, whether the misnomer can he taken advantage of on the trial, or should he pleaded in abatement. This question seems to have been long since settled. In 1 Chit. Plead., 440, it is said, “it was once doubled, if a mistake of the plaintiff’s christrail or surname were not ground of non-suit, but it is now settled it must be pleaded in abatement.” In Comyn’s Digest, (abatement,) it is also said that the defendant “ shall plead misnomer of the plaintiff, ii his Christian, name he mistaken; ” and in the case of the Mayor, &c., of Stafford v. Bolton, 1 Sos., and .Pul. 40; and Bowen». Shapcott, 1 Past. 542, it seems to he considered as settled, that misnomer of the plaintiff can only he taken advantage of hy plea in abatement; the doubt mentioned in Chit, as above, certainly did not exist at the time the decision in the case of Stafford v. Bolton was made; nor does it seem to have existed since, and must originally have been predicated on the idea, that the name was the only means of identifying the person. The third point arises out of the opinion of the Court, on the second error assigned. The bill of exceptions shows, that after it was proved on the part of the plaintiff, that the name of the plaintiff was Richard, and that the name of Robert had been used by mistake, the Court overruled the second objection to the reading of the said deposition, the
*38 Court being of opinion, and so declared it to the jury, that the said plaintiff might recover upon the said testimony, in that action. This opinion of the Court obviously related to the admissibility, and not to the sufficiency of the evidence. The motion was to reject the evidence, because it did not correspond with the declaration ; the Court overruled the objection, and told the jury, that, in his opinion, the plaintiff might recover upon the evidence in that action. The fourth and last exception taken by the plaintiff in error is, that the Court erred in refusing to grant a new trial in the cause. The reasons assigned for a new trial are involved in the other points, except the last, which alledges the discovery of testimony since the tidal. The affidavit in support of that reason, shows, that at, and before the previous tidal, the defendant was aware of the existence of certain papers which he thought material in his defence, but that he was unable to find them; that since the trial he had found them. He also states in his affidavit that he had settled the account with Boggs, the agent of Blanton, and believed he should be able to prove the same by a witness who was his clerk at the time the transaction took place, but whose testimony he had been unable to procure at the previous trial. This affidavit does not disclose such surprise on the part of the defendant, as to warrant the granting of a new trial. He was perfectly aware of the existence of the testimony, and of its materiality, previous to the trial, and he had made no exertion whatever to procure it, hut proceeded to the trial, for any thing that, appears in the bill of exceptions, without even moving for a continuance, which certainly would have been the proper course under such circumstances; and in his motion for a new trial, does not show such diligence as would have entitled him to a continuance, had he moved for it. The Court see no error in the procending.
The judgment must therefore be affirmed with costs.