SMITH FARRAND, Plaintiff in Error, *vs.* JULIA A. HURLBUT, and her Husband, Defendants in Error.

ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

The Plaintiff placed a sum of money in the hands of the Defendant, to be loaned or invested by him in her name. The Defendant loaned it in his own name and for his own use and benefit. *Held*, That such act amounted to a conversion, and the Plaintiff could maintain an action for the money and damages from the time of the conversion, without any demand.

Points and Authorities of Plaintiff in Error.

I.—There is no evidence to sustain any verdict in this case. Therefore the Court below erred in allowing the verdict to stand in any case whatever. *Gra. & Wat. New Trials, p.* 1162; 12 *Pick.*, 198.

This was an action for conversion of money, and that was the main and principal issue,—an issue which was tendered by the Plaintiff, and not supported by the evidence.

II.—In an action for conversion, interest can only be recovered from the time of the conversion, that is, from the time of the demand and refusal.

III.—It is not claimed in the complaint in this action that the Defendant agreed to pay interest at any rate, while the money remained in his hands. Consequently unless he had an opportunity to loan or invest, and refused or neglected, he would not be chargable with interest, and the Plaintiff does not claim that he could have loaned the money or invested it to advantage if he would.

IV.—The measure of damages in an action for conversion, is the value of the property at the time of the conversion and interest, and therefore the Court erred in computing interest on the four hundred and thirty-six dollars from the time the Defendant received it. *See Sedgwick on Damages, pp.* 479 *and* 480.

Points and Authorities of Defendants in Error.

I.—There is no case nor bill of exceptions in this action, and the judgment was rendered upon the verdict of a jury. Hence no question can be raised upon the sufficiency of the evidence to support the verdict, nor upon the rulings of the Court at the trial. Neither will a writ of error bring up for review the order of the Court below made upon the motion for a new trial. The only questions that can be raised are such as go to the jurisdiction of the Court, or the insufficiency of the complaint, as respects its stating facts sufficient to constitute a cause of action. *Moody & Perkins vs. Stephenson,* 1 *Minn.,* 402; *Karnes vs. Kunkle,* 2 *Minn. R.,* 314 ; *Morrison et al. vs. Marsh,* 4 *Minn.,* 422 ; *Ullman vs. Bazille,* 2 *Minn.,* 134.

II.—There is no error in the record.

DANIELS & GRANT, Counsel for Plaintiff in Error.

CORNELL & MANN, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—The complaint alleges that on the 9th day of June, 1856, the Defendant in Error placed in the hands of the Plaintiff in Error $436, to be by him loaned or invested in her name, to the best possible interest or advantage in the judgment of the Plaintiff in Error, and that the latter was to return to her on demand the securities he obtained for the same.  That he did not loan or invest it in her name, but converted it to his own use; that the current rates of interest for the first two years after he received the money were three per cent. per month, and that afterwards and up to the bringing of the action they were one per cent. per month.  That the Plaintiff in Error did loan the money in his own name, and for his own use and benefit at the rates aforesaid; that on the first day of May, 1861, the Defendant in Error demanded the money or the securities, and was refused.

An answer was put in, which put the complaint in issue, save the receipt of the money, and set out a defence which it is unnecessary to detail.  The reply takes issue upon all the new matter in the answer.

There was no appearance at the trial on the part of the Defendant, and the Plaintiff introduced her evidence and took a verdict for the $436 and interest at the rates alleged in the complaint to have been current at the times therein stated.

The Defendant moved for a new trial, and the Court, upon the evidence that was given and the pleadings, decided that the damages assessed by the jury were excessive and should have been seven per cent. upon the amount received, from the receipt thereof by the Defendant, but allowed the verdict to stand on condition that the Plaintiff would remit the excess, which she did, and judgment was entered in accordance with the order.  From this judgment the Defendant brings error.  No case or bill of exceptions was made to bring the evidence into this Court.  An irregular statement of the evidence was attached to the record, but stricken out by this Court on motion.

The case stands upon the complaint alone, and we are to determine what verdict the Plaintiff is entitled to upon the facts therein stated.

The Defendant had no right to loan or invest the money in the name of any one other than the Plaintiff. The complaint alleges that he did loan it in his own name and for his own benefit, at the current rates of interest. This in itself was a conversion, and entitled the Plaintiff to sue and recover it from him without demand. The allegation of a demand made on the first day of May, 1861, does not limit the right of the Plaintiff to interest from that date. She may recover from the time of the actual conversion. Whether the allegations of the complaint would authorize a verdict for the current rates as alleged therein, it is not necessary to determine, because the Court, on the motion for a new trial, has disallowed it, and the Plaintiff does not complain of that decision. It is clear to us that they do entitle the Plaintiff to damages at seven per cent. from the time of the conversion, which we are bound to presume the proof established to be at the time of the receipt of the money by the Defendant.

We see no error in the record, and must affirm the judgment.