## HENRY *v.* SOWLES.

*(District Court, D, Vermont.* September 1, 1886.)

TROVER AND CONVERSION—PLEADING—DESCRIPTION OF PROPERTY—ARREST OF JUDGMENT.

In an action of trover, upon a motion in arrest of judgment, the same strictness is not required in the description of the property as upon a demurrer to the declaration.

At Law.

*Kittredge Haskins,* U. S. Atty., for plaintiff.

*Gilbert A. Davis* and *Edward A. Sowles,* for defendant.

WHEELER, J. This is an action of trover for "three thousand dollars, in United States treasury and national bank notes of various denominations and value, issued by virtue, and under authority, of the laws of the United States." Now, after verdict for the plaintiff, *(ante,* 481,) the defendant moves in arrest of judgment for insufficiency of the declaration in this description of the property. In detinue and replevin the description of the property must be sufficient to direct the officer in taking it, because the property itself is generally recoverable in such actions; but in trover the description may be less certain, because only damages are recoverable. Buller, Nisi Prius, 32; *Taylor* v. *Wells,* 2 Wms. Saund. 74, note 2. And a less degree of strictness in this respect is required on motion in arrest after verdict than on demurrer. Bac. Abr. "Trover," F; *Talbott* v. *Spear,* Willes, 70. Trover will lie for a bond, bill, or note, without describing it particularly. Buller, Nisi Prius, 37; Bac. Abr. "Trover," F.; *Bank* v. *Neilson,* 15 N. J. Law, 337. Trover for a parcel of diamonds is good. *White* v. *Graham,* 2 Str. 827. A stack of hay, and a library of books, which are an integer, have been held good for description. *Bottomley* v. *Harrison,* 2 Str. 809. And 70 ounces of cloves, mace, and nutmegs, without showing the number of ounces of each, has been held good. *Hartfort* v. *Jones,* 1 Ld. Raym. 588. This may be intended to have been a parcel of bank and treasury notes, amounting to $3,000, which, upon these authorities, is amply good after verdict.

The plaintiff moves for a close-jail certificate, under section 1502, Rev. Laws Vt., which provides for such a certificate when the court

adjudges that the cause of action arose from the willful and malicious act or neglect of the defendant, and that he ought to be confined in close jail. The plaintiff attached this money on mesne process, as United States marshal, and the defendant receipted it, and let it go back into the possession of the defendant in the attachment. This is what he was expected to do. There was no willful invasion of the rights of the plaintiff, or wanton destruction of his property. The defendant was then of good responsibility, and the plaintiff was willing to take his obligation, and give up the money. It was not expected that the money would be kept for the plaintiff, to answer the judgment. Had that been the intention, he would probably have kept it himself. There was nothing willful or malicious in the conduct of the defendant, and there is no just ground to say that for it he ought to be confined in close jail. This accords with the opinion of the highest court of the state. *Soule* v. *Austin,* 35 Vt. 515.

Motion in arrest overruled. Motion for certificate denied.