AMERICAN EXPRESS Co. *vs.* RICHARD F. PIATT.

Argued by appellants, submitted on brief by respondent, Nov. 23, 1892. Decided Dec. 16, 1892.

**Evidence Examined.**

Evidence *held* to justify a direction to return a verdict for plaintiff.

Appeal by defendant, Richard F. Piatt, from a judgment of the District Court of Ramsey County, *Cornish*, J., entered November 21, 1891, against him for $5,382.07 and interest and costs.

The plaintiff, the American Express Company, a corporation,

brought this action to recover moneys belonging to it which had come into the hands of the defendant as its agent at St. Paul, between July 22, and September 13, 1890. At the close of the evidence the judge directed a verdict for the plaintiff for $5,382.07. Defendant moved for a new trial, but was refused, and judgment was entered on the verdict, and from it this appeal is taken.

His assignments of error were as follows:

1. The court erred in overruling defendant's objections to the introduction of evidence.

2. The court erred in denying defendant's motion to dismiss after plaintiff rested.

3. The court erred in directing a verdict for plaintiff.

4. The court erred in not directing a verdict for defendant on his motion.

5. The court erred in computing the amount proven and directing the jury how much of a verdict to return.

6. The court erred in overruling defendant's motion for a new trial.

7. The court erred in admitting in evidence Exhibits 63, 64, 65.

*H. V. Rutherford,* for appellant.

*F. F. Davis* and *Warner, Richardson & Lawrence,* for respondent.

GILFILLAN, C. J.   The appellant's assignments of error present no question of law for us to consider. The first assignment, that the court erred in overruling defendant's objections to the introduction of evidence, without specifying which of a large number of such rulings is referred to, is of course insufficient. The assignment that the court erred in admitting Exhibits 63, 64, and 65 is not well founded, because no exhibits so marked are in the return, and we cannot find from the return that any exhibits were so marked.

This leaves nothing for us to consider but the sufficiency of the evidence to justify a direction to return a verdict for plaintiff. How the amount directed was got at appears from the summaries of items charged against defendant on page 158 of the paper book, footing up $151,523.89, and summaries of items credited him on pages 159–161, footing up $146,339.56. The difference between the amount

of the verdict as directed and the excess of debits over credits would be more than made up by interest on such excess.

We have had very little help from the briefs on either side in examining to ascertain if the items debited defendant are sufficiently established by the proofs. But, after a careful and somewhat laborious examination of the proofs, we are satisfied they are. It is not worth while to go over the evidence, and show how it sustains the various items. One of them, however, we will refer to. This is an item of $80,000 debited defendant, made up of moneys received on sixteen drafts of $5,000 each. This money was not traced into the hands of the defendant, but is shown to have been paid to a Mr. Remick, who was chief of what was called the "Money Order Department" of plaintiff, and it was disbursed in that department by him. That department appears to have been included in that of the cashier, the defendant, and to have been under his general charge and control. We infer from the evidence that, as a matter of bookkeeping, plaintiff charged such money against the cashier, and credited him with it when disbursed. But as Remick, though subordinate to the defendant, was not his agent or servant, he was not in law chargeable with money coming into Remick's hands and not into his own. However, though not properly charged against him, if credited back to him when disbursed, then the case stands as though it had not appeared in the account at all. Among the credits is one for $98,450.05, aggregated from forty-seven of what are termed "money abstracts," introduced in evidence, and which, as the evidence indicates, related to transactions of the money-order department. These abstracts are not in the return, so that we cannot see, as the court below, having them before it, could, whether they accounted for and credited defendant with the $80,000. We cannot say whether, in the final footing up in the court below, any part of the $80,000 stands as a charge against defendant, and for that reason cannot say that the court erred in respect of that item.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 877.)

Application for reargument denied January 4, 1893.