Bartels v. Kinnenger.

BARTELS v. KINNENGER *et al.*, *Appellants.*

### Division Two, May 31, 1898.

1. **Homestead:** EXECUTION: PRIOR INDEBTEDNESS.    Where one acquires a piece of land and occupies it as a homestead, and places his deed for the same of record *before* the debt was contracted or the cause of action accrued upon which a judgment was afterward rendered thereon against him, the land is not subject to an execution issued under the judgment, and no fraud was perpetrated upon such judgment creditor by a conveyance of the land by such homesteader to his wife, although the deed is without consideration.

2. ——: ——: CONVEYANCE TO WIFE: NO CONSIDERATION: VOID. A voluntary conveyance to one's wife without consideration, of land occupied by him as a homestead but not until after a debt was contracted and payable, is void as to such existing debt.

3. **Principal and Agent:** DEBTOR AND CREDITOR: TERMINATION: CONVERSION.    When money is placed in the hands of an agent to loan for a principal, the act of the agent in handling the money is the act of the principal, and as to such money the agent can not be considered a debtor until the termination of the agency, unless the agent violates his instructions and converts the money to his own use. Then a different rule prevails, and the principal may at once sue and recover the money from the agent without demand.

4. ——: ——: ——: ——: CASE STATED.    Defendant was plaintiff's agent for loaning her money on real estate, when he acquired and occupied as a homestead the land in dispute, on March 17, 1890.    He did not loan the money, but used a part of it prior to that time and gave her a note for the amount due in September, 1893, counting interest against himself on most of the money from January, 1890.    She sued on this note, obtained judgment, and then brought this suit to set aside a deed to his wife made in December, 1893. *Held,* that he could not claim the land as an exempted homestead. *Held,* also, that upon the conversion of a part of the money a cause of action at once accrued. *Held,* also, that the charging of himself with interest on the money from January 1, 1890, was an admission of conversion on that date. *Held,* also, that the conversion was not changed by the fact that they had a settlement in September, 1893, when he gave her his note for the balance, upon which note she afterward obtained the judgment under which she now seeks to obtain execution against the land.

*Appeal from Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*W. H. Miller* for appellants.

(1) When money is placed in the hands of an agent to loan for a principal the act of the agent in handling the money is the act of the principal, and as to that money the relationship of debtor and creditor can not exist. 1 Am. and Eng. Ency. Law, 383; *Hamilton v. Elkins*, 46 Ind. 212; *Jett v. Hempstead*, 25 Ark. 462; *Alexander v. Jones*, 64 Iowa, 207; *Conley v. Betts*, 24 N. E. Rep. 203; *Cockrell v. Kirkpatrick*, 9 Mo. 697; *Corder v. Primm*, 52 Mo. App. 112; *Donahue v. Bragg*, 49 Mo. App. 273; *Beardslee v. Boyd*, 37 Mo. 180; *Evans v. King*, 16 Mo. 525. (2) The relationship of debtor and creditor only commenced on the termination of the agency, September 2, 1893. *Everts v. Lowther*, 165 Ill. 487. The act of the agent is the act of the principal. Wharton on Agency, sec. 1. (3) Revocation of agency is necessary to terminate. This may be either by death or notice. Wharton on Agency, secs. 109, 110; *Robertson v. Cloud*, 47 Miss. 208. (4) The homestead, having been acquired prior to the termination of the agency, was not subject to execution for a debt, the existence of which began after acquiring the title to the homestead, and filing the deed for record. R. S. 1889, sec. 5435; Acts 1895, p. 185; *Wyler v. Montgomery*, 54 Mo. 577; *State ex rel. v. Meinzer*, 66 Mo. 375; *Beckmann v. Meyer*, 75 Mo. 333; *Kendall v. Powers*, 96 Mo. 142; *Holland v. Kreider*, 86 Mo. 59. (5) There can be no fraudulent disposition of a homestead against a debt not in existence at the time it is acquired.

*T. D. Hines* for respondent.

(1)   The claim of homestead will not avail against debts created prior to the acquisition of the land claimed as a homestead, and that date is the date of filing the deed for the land for record, in this instance May 6, 1890.  R. S. 1880, sec. 5441.   (2)   While the judgment sought to be enforced against this property is based on a note dated September 2, 1893, yet the debt existed long prior to that date.  It existed January 1, 1890, and the change in the form of the debt from an account to a note is not and can not be a payment so as to give defendant a homestead against it.  Thompson on Homes., secs. 311, 312 and 313.   (3) The petition charges, and the trial court found, that defendant was indebted to plaintiff during all the time from January 1, 1890, to September 2, 1893, and that during the whole of said time said indebtedness remained a matter of account between them.  This is true in fact and on principle, and defendant recognized that the relation of debtor and creditor existed between them from January 1, 1890, to the date of settlement, by charging himself with interest on the money during all that time, and he is estopped from denying it.

BURGESS, J.—This is a proceeding in equity by the plaintiff against John E. Kinnenger and Alvina Kinnenger, his wife, and A. G. Landgraf, to have set aside certain conveyances made by John E. Kinnenger to the other defendants, and to subject the property described in the petition, to sale under execution under a judgment held by plaintiff against John E. Kinnenger. The property conveyed to the defendant Alvina Kinnenger and Landgraf were separate and distinct tracts; the tract conveyed to Alvina Kinnenger being the homestead of John E. Kinnenger.   The trial in the

court below resulted in a judgment and decree in favor of plaintiff and against John E. Kinnenger and Alvina Kinnenger setting aside the deed from John to her, and in favor of Landgraf. John E. Kinnenger and Alvina Kinnenger appealed. No appeal was taken from the judgment in favor of Landgraf.

John E. Kinnenger acquired the property involved in this appeal by deed from Aaron Abernathy and wife on March 17, 1890, and filed the deed for record in the recorder's office of the county in which it lies on the sixth day of May, 1890. Kinnenger and wife occupied the property as their homestead from the time of this purchase, and were so occupying it at the time of the institution of this suit. On the twenty-eighth day of December, 1893, John E. Kinnenger conveyed this property to his wife Alvina, but there was no consideration passed for the deed which was, however, properly recorded on the first day of January, 1894. On January 1, 1890, and for a long time before that time John E. Kinnenger was the agent of his mother, the plaintiff, in loaning her money, and collecting interest thereon. On that day he had on hand the sum of $2,533, which he received from her former agent, T. B. Whitledge. He continued to be his mother's agent until September 2, 1893, when they had a settlement and plaintiff ascertained that he had used of her money the sum of $1,340 or $1,342 and being unable to pay the same he executed to her his note for that sum, upon which judgment was rendered in her favor for the sum of $1,413.57, in the circuit court of Cape Girardeau county at the May term, 1894. Execution was issued on this judgment July 21, 1894, which was returned unsatisfied, no property being found whereon to levy the same.

Defendants contend that the petition does not state facts sufficient to authorize the intervention of a court

of equity, for the reason that it discloses upon its face that at the time that John E. Kinnenger acquired the property in question and occupied it as his homestead he was not indebted to plaintiff in any sum of money whatever, but on the other hand he *was* her agent, and that that relationship continued to exist until this settlement on September 2, 1893, when it was dissolved; that the relationship of principal and agent, and of debtor and creditor can not exist at the same time, between the same parties, and as to the same subject-matter, and as the deed from Abernathy to John E. for the homestead was recorded in the recorder's office of the proper county long before that time, that the homestead is not subject to levy and sale under execution for the payment of that debt.

The record shows that in the settlement between John E. Kinnenger and his mother of September 2, 1893, he charged himself with interest on the money of his mother from

| | |
|---|---:|
| January 1, 1890, to January 1, 1891.. ........... ... .. | $178.00 |
| January 1, 1891, to January 1, 1892. ................... | 178.00 |
| Interest for one year and eight months on $2,600...... .. | 346.00 |

And plaintiff contends that by charging himself with interest on this large sum of money from January 1, 1890, defendant admits that he owed his mother this money prior to filing for record his deed to the property. which he now contends is his homestead.

If John E. Kinnenger acquired the property in question for a homestead, was occupying it as such, and had placed his deed thereto upon record before the debt was contracted or the cause of action accrued upon which the judgment was rendered in favor of plaintiff against him, it was not subject to execution issued under that judgment, and if exempt from execution no fraud was perpetrated upon plaintiff by reason of the conveyance of it by him to his wife Alvina,

although the deed was without consideration. *Davis v. Land*, 88 Mo. 436. "Creditors have no interest in such property, as it can not be subjected to the payment of their debts by proceeding in equity any more than it can be seized under attachment or execution." *Bank of Versailles v. Guthrey*, 127 Mo. 189; *Kendall v. Powers*, 96 Mo. 142; *Holland v. Kreider*, 86 Mo. 59. But if subject to execution the deed from Kinnenger to his wife is fraudulent and void as against this plaintiff, because without consideration and merely a voluntary conveyance. The question then is as to what time plaintiffs' cause of action or the debt upon which the judgment was rendered accrued, whether before or after the acquisition of the homestead?

As a general rule when money is placed in the hands of an agent to loan for a principal the act of the agent in handling the money is the act of the principal and as to such money the relation of debtor can not exist, and only commences on the termination of the agency, but where the agent violates his instructions, as in this case, which were to loan the money on real estate, and instead of so doing converts it to his own use, a different rule prevails, and his principal may at once sue and recover it from him without demand. In *Farrand v. Hurlbut*, 7 Minn. 477, the plaintiff placed a sum of money in the hands of the defendant to be loaned or invested by him in her name. He loaned it in his own name and for his own use and benefit, and it was held that such act amounted to a conversion, and the plaintiff could maintain action for the money and damages from the time of the conversion without any demand. In Mechem on Agency, section 477, it is said: "The result of the authorities may be said to be, that if the agent parts with the property in any way, or for any purpose not authorized, he is liable for a conversion."

The evidence showed that John E. Kinnenger had converted a part of the money intrusted to him by his mother to be loaned out for her upon real estate security to his own use, prior to the eighth day of January, 1890, the time that his deed to his homestead was recorded. Upon such conversion a cause of action at once accrued to plaintiff against him therefor, and existed at the time of the acquisition of such homestead. Moreover, Kinnenger tacitly admitted by charging himself, in the settlement between himself and his mother, with interest amounting to $178, from January 1, 1890, to January 1, 1891, that he had converted about all of the money to his own use before the eighth day of January, 1890. The property is therefore not exempt from execution which may be issued on said judgment. The result would not be changed by reason of the fact that plaintiff and John E. Kinnenger thereafter had a settlement and she took his note for the amount then found to be due her, and that the judgment was thereafter rendered upon that note. *Pratt v. Eaton*, 65 Mo. 157.

It follows from what has been said that the judgment must be affirmed, and it is so ordered. GANTT, P. J., and SHERWOOD, J., concur.