(28 Misc. Rep. 527.)

### HARTMAN et al. v. HICKS.

(Supreme Court, Appellate Term. July 26, 1899.)

1. TROVER—ACTS CONSTITUTING CONVERSION—DEMAND.

Goods were consigned to defendant at an agreed valuation, with the right to sell them for his own account at any price. In the event of a sale, the agreed valuation was to be paid the consignor. In case of no sale, the title was to remain in the consignor, and defendant was to return the goods within a certain time. It was not shown that, at the time the consignor demanded the goods, they remained unsold in defendant's possession. *Held* not to establish a conversion of the goods.

2. SAME—AGENT—MONEY.

Action by Max Hartman and others against James Hicks. From a judgment for plaintiffs, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Meyers, Goldsmith & Bronner, for appellants.
Charles T. Duffy, for respondent.

FREEDMAN, P. J. The complaint in this action sets forth three causes of action, similar in character, and in the court below the plaintiffs recovered a judgment for the amount of each; but they appeal from the judgment in their favor, because, as they claim, they sued in each instance for a conversion, and recovered on contract. The three causes of action are so much alike that collectively they may be treated, for the sake of convenience, as one transaction. At the trial both parties gave evidence. The plaintiffs introduced in evidence some partly-written and partly-printed papers, signed by the defendant, which showed that the articles sued for were consigned to the defendant at a valuation agreed upon, that the title to them was to remain in the plaintiffs, and that the defendant was to return them within a certain period of time. This evidently did not constitute the entire contract between the parties, and parol testimony was therefore admissible to show what the contract really was. The testimony of the plaintiffs' salesman who had made the transaction with the defendant clearly established that the defendant had a right to sell the goods, for his own account, to whomsoever he pleased, and at whatever figure he could obtain. Upon plaintiffs' own showing, therefore, the contract between the parties was that the goods were to be consigned to the defendant, that the latter had the right to sell them, that in the event of sale the agreed valuation

should be paid to the plaintiffs, and that in case of no sale the title of the goods should remain in the plaintiffs, and they should redeliver them to the plaintiffs within the period specified. The plaintiffs gave no evidence that at the time of their demand the goods remained unsold in the possession of the defendant, and consequently they failed to establish conversion; for a demand for the goods, but not for the money, after the sale, was insufficient. Even if the demand had been made for the money, failure to pay to the plaintiffs the value agreed to be paid to them would not have constituted conversion. And, even if no value had been agreed upon as between the plaintiffs and the defendant, failure to account for the proceeds of the sale would not have made the defendant guilty of a conversion, but would have rendered him liable in an action on contract. Cabinet Works v. Hyman (decided at present term of this court) 59 N. Y. Supp. 526, and cases there cited. According to defendant's version, there was no consignment, but an absolute sale, of the goods, and the papers signed by him were signed upon the representation by plaintiffs' salesman, and in the belief by the defendant, that they were ordered for the goods. It thus appears that, whether the testimony on behalf of the plaintiffs or that given on behalf of the defendant be accepted as true, the defendant was liable only on contract; and, inasmuch as the defendant insists on the affirmance of the judgment, and plaintiffs' complaint is broad enough to sustain the recovery had as one on contract, though the plaintiffs failed to prove the additional allegation relied on to show conversion, the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

