Decided 28 July, 1902.

### SALEM TRACTION CO. *v.* ANSON.

[67 Pac. 1015, 69 Pac. 675.]

DISMISSING APPEAL—DEFECTIVE NOTICE.

1. A notice of appeal, reciting the judgment as rendered June 18, whereas it was actually rendered June 8, was not ground for dismissing the appeal, where it was manifest from the appeal papers that there was a mere clerical error, and no injury.

RIGHT OF REFERENCE.

2. Hill's Ann. Laws, § 222, subd. 1, providing that the court may upon the application of either party, or upon its own motion, direct a reference, "when a trial of an issue of fact shall require the examination of a long account on either side," is not an infringement of the right of trial by jury, and is applicable to actions in either tort or contract.

WHAT ARE LONG ACCOUNTS—DISCRETION OF TRIAL COURT.

3. Where it fairly appears by affidavit, or upon the face of the pleadings, that so many separate and distinct items will be litigated or examined that a jury cannot keep the evidence in mind in regard to each item, the case may be referred, whether the parties consent or object; and the action of the trial court in the matter will not ordinarily be disturbed.

CONVERSION BY AGENT—TROVER.

4. Where an agent's contract of employment requires him to turn over to his principal the identical moneys collected in the course of his employment, trover may be maintained by the principal against him for the conversion of moneys collected.

TROVER—DESCRIPTION OF MONEY CONVERTED.

5. In actions of trover for the conversion of money collected by an agent the complaint need not particularly describe the money, but it will be sufficient to state the aggregate amount taken.

EXPERT EVIDENCE OF THE CONTENTS OF BOOKS—SUMMARY.

6. Under Hill's Ann. Laws, § 691, subd. 5, permitting oral evidence of the contents of a writing where the original consists of numerous accounts, which cannot be examined in court without great loss of time, and the evidence sought from them is only the general result of the whole, it is competent to show by an expert accountant the condition of books kept by or under the direction of the defendant, who is charged with conversion of his principal's money, and the tabulated results of his examinations.

OBJECTION NOT MADE BEFORE THE TRIAL COURT.

7. Where an expert testified as to the contents of plaintiff's books, that the books themselves were not offered is no ground for complaint on appeal; the record indicating that they were in court, and the failure to offer them not having been made a ground of objection to the expert's testimony.

WEIGHT OF EVIDENCE—QUESTION FOR JURY.

8. On appeal the court can only examine the testimony for the purpose of ascertaining whether there was any competent evidence tending to support the conclusions of the trial judge.

TROVER—SUFFICIENCY OF EVIDENCE.

9. In trover for the conversion of moneys collected by defendant as plaintiff's agent, the evidence showed that the books of account were kept under the direction of the defendant; that they indicated that certain moneys due the plaintiff were collected from the state and from a county, and not accounted for by him; and that two false entries had been made therein by the defendant's direction, crediting one account with large sums and charging the same to stores, when in fact no stores had been purchased. The defendant gave no evidenc on the trial whatever, and did not undertake to explain any of these circumstances, or account for the false entries in the books. *Held*, that the evidence sustained a verdict for plaintiff.

From Marion: GEORGE H. BURNETT, Judge.

Action of trover by the Salem Light & Traction Co. against F. R. Anson, wherein plaintiff had judgment. A motion to dismiss the appeal was overruled, and the case heard on its merits.

MOTION OVERRULED: AFFIRMED.

Decided 10 March, 1902.

ON MOTION TO DISMISS THE APPEAL.

*Mr. William M. Ramsey,* for the motion.

*Mr. Woodson T. Slater, contra.*

PER CURIAM. 1. It is stated in the notice of appeal that the judgment appealed from was rendered on the 18th day of June, 1901, whereas it was actually rendered on the 8th of that month,

and it is so stated in the undertaking on appeal. The judgment is otherwise properly described in the notice. The contention is that the appeal should be dismissed because of the mistake in the date, but we think it manifest from the transcript, the undertaking on appeal, and the notice itself that it was merely a clerical error, which in no way could have injured or misled the respondent; and under *Moorhouse* v. *Donica,* 13 Or. 435 (11 Pac. 71) and *Lancaster* v. *McDonald,* 14 Or. 264 (12 Pac. 374) the motion should be overruled; and it is so ordered.

MOTION OVERRULED.

Decided 28 July, 1902.

ON THE MERITS.

This is an action in trover for money alleged to have been collected by the defendant for the plaintiff and converted to his own use. The complaint alleges that the plaintiff is a corporation engaged in the conduct and operation of street railways and an electric light and power plant in the City of Salem; that from June 1, 1898, to October 20, 1899, the defendant was the managing agent of the plaintiff, and as such had the care and control of its properties, the collection of amounts due it, and the supervision of the keeping of its books of account; that between the dates named he received and collected for and on account of the plaintiff large sums of money due it for light furnished and other services rendered to the State of Oregon, Marion County, and divers persons, firms, and corporations, and wrongfully and unlawfully, and with intent to deprive the plaintiff thereof, appropriated and converted to his own use, of the moneys so collected and received, the sum of $3,387.18, to the plaintiff's damage in that amount; that the moneys so collected consisted of gold and silver coin of the United States and other current moneys, and, as the books of account with reference to the plaintiff's business were kept by and under the direction and control of the defendant, the plaintiff is unable to give a more specific description of the money converted by him. For a further and separate cause of action, it is alleged that in October, 1899, the plaintiff was

the owner of a warrant issued by the City of Salem in payment of services rendered it, for $153.05, and another warrant issued by Marion County for services rendered it in the sum of $35, and that the defendant obtained possession of both of said warrants, and wrongfully converted the same to his own use, to the plaintiff's damage in the sum of $195. The answer admits the incorporation of the plaintiff; the defendant's employment as manager between the dates alleged in the complaint; that as such manager he collected large sums of money due from its patrons; but denies that he wrongfully or unlawfully or at all converted to his own use $3,387.18 thereof, or any other sum. The answer admits the conversion by defendant of the city and county warrants, as alleged in the complaint, but denies that it was wrongfully or unlawfully done. For a further and separate defense to the second cause of action, it is alleged that the defendant was the duly appointed managing agent of the plaintiff, and as such had authority to receive and collect all moneys due it for services rendered, and to pay out and disburse the same in payment of current obligations, and that, acting as such agent, he received the two warrants referred to, and converted the same into cash for the use and benefit of the plaintiff. A reply put in issue the new matter alleged in the answer, and upon motion of the plaintiff, over the objection and exception of the defendant, the court referred the cause to a referee to take and report the testimony; but thereafter, by stipulation of the parties, the defendant not waiving his objection to the order of reference, the cause was tried before the court without the intervention of a jury.

From the testimony submitted, the court found, in substance: (1) That during July, 1898, the defendant, as manager and agent of the plaintiff, received from the State of Oregon, $2,439.06, and from the City of Salem $799, on account of services rendered by plaintiff, and paid over and accounted for only $1,968.30 of the former sum, and $707.28 of the latter, leaving a balance of $562.48, which he appropriated and converted to his own use; (2) that during the month of March, 1899, the defendant collected of divers and sundry persons, firms, and corpora-

tions $760 due the plaintiff for services rendered by it, and failed to account for any part of said sum, but, on the contrary, with intent to defraud and deceive the plaintiff, caused false entries to be made on its books, which were under his charge and control, to the effect that the said sums had been expended for stores purchased by him, when in fact no such purchases had been made; (3) that during the month of September, 1899, he collected and appropriated to his own use $2,050.55 due the plaintiff from divers persons, firms, and corporations, and caused a like false and fraudulent entry to be made in the books of the company; (4) that in October, 1899, the defendant collected from the City of Salem $153.05, and from Marion County $35, due the plaintiff, and fraudulently and unlawfully failed to account therefor, but appropriated and converted the same to his own use. As conclusions of law, the court found that, by reason of the wrongful acts aforesaid of the defendant, the plaintiff was damaged in the sum of $3,561.08, and entered judgment accordingly, from which defendant appeals.                                                   AFFIRMED.

For appellant there was a brief over the names of *William M. Kaiser* and *Woodson T. Slater,* with an oral argument by *Mr. Tilmon Ford* and *Mr. Slater.*

For respondent there was a brief and an oral argument by *Mr. Geo. G. Bingham.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

2. It is first insisted that the court erred in referring the case to a referee. The statute provides that the court may, upon the application of either party, or upon its own motion, direct a reference "when the trial of an issue of fact shall require the examination of a long account on either side": Hill's Ann. Laws, § 222, subd. 1. This provision of the statute is not an infringement of the constitutional right to a trial by jury *(Tribou* v. *Strowbridge,* 7 Or. 156; *Trummer* v. *Konrad,* 32 Or. 54, 51 Pac. 447) ; nor is any distinction made between an action on

contract and one of tort, but either may be referred if it involves the examination of a long account.

3. As to what constitutes such an account, within the meaning of the statute, has not been, and, in the nature of things, cannot be, exactly determined. Each case must depend upon its own facts: *Mitchell* v. *Oregon Flax Assoc.,* 38 Or. 503 (63 Pac. 881).

Where, however, the conclusion can be fairly drawn from facts disclosed by affidavit, or upon the face of the pleadings, that so many separate and distinct items will be litigated or examined that a jury cannot keep the evidence in mind in regard to each item, the case may be referred; and where there is a conflict in the evidence, or there is reasonable ground for controversy, as to whether the issue involves the examination of such an account, and the court below has decided to refer the cause, its conclusion will not ordinarily be disturbed on appeal. It is only when it clearly appears that no such account can be invoved that an order of reference will·be reversed: *Welsh* v. *Darragh,* 52 N. Y. 590. This case comes within the principle stated. It not only appeared upon the face of the pleadings, but from the affidavit of the manager of the plaintiff company, that the trial would necessarily involve the examination of the accounts of plaintiff's business from June 1, 1898, to October 20, 1899, and that it could not intelligently be done by a jury. There was no error, therefore, in the order of reference.

4. It is next contended that the plaintiff's remedy was by an action on contract, and not in trover, and hence the complaint does not state facts sufficient to constitute a cause of action. As a general rule, the mere failure of an agent to pay over or account for money collected for his principal will not sustain an action of conversion, because the agent is not bound to pay over the identical money received, and the transactions create nothing more than the relation of debtor and creditor between him and his principal *(Royce* v. *Oakes,* 20 R. I. 418, 39 Atl. 758, 39 L. R. A. 845; *Hartman* v. *Hicks* [Sup.], 59 N. Y. Supp. 529; *Vandelle* v. *Rohan* [Sup.], 73 N. Y. Supp. 285; *Walter* v. *Bennett,* 16 N. Y. 250; *Borland* v. *Stokes,* 120 Pa. St. 278, 14 Atl. 61) ; but where the principal is entitled to receive, and the terms

of the employment of the agent require him to pay over, the identical money received, an action of trover will lie for its conversion: *Jackson* v. *Anderson,* 4 Taunt. 24; *Petit* v. *Bouju,* 1 Mo. 49; *Bunger* v. *Roddy,* 70 Ind. 26; *Donohue* v. *Henry,* 4 E. D. Smith, 162; *Farrand* v. *Hurlbut,* 7 Minn. 477 (Gil. 383); *Cotton* v. *Sharpstein,* 14 Wis. 226 (80 Am. Dec. 774); *American Express Co.* v. *Piatt,* 51 Minn. 568 (53 N. W. 877). And such was the case here. The defendant was the agent and general manager of the plaintiff corporation, with power and authority to collect the moneys due it for services rendered. All the money so collected belonged to his principal. The title immediately vested in the plaintiff, and the defendant had no interest therein, and no authority to make any use thereof whatever. He was bound by the terms of his employment to pay the money over to the treasurer of the plaintiff corporation, and could not even use it for the payment of current expenses without the approval of his superior. The plaintiff, as a matter of right, therefore, was entitled to the identical money received by the defendant on its account, and any unlawful use or misapplication thereof constituted a conversion, for which an action of trover was an appropriate remedy: Mechem, Cas. Ag. § 476; *Henry* v. *Sowles* (C. C.) 28 Fed. 521; *Cotton* v. *Sharpstein,* 14 Wis. 226 (80 Am. Dec. 774).

5. But it is said the complaint is insufficient because it does not describe with reasonable certainty the identical money alleged to have been converted by the defendant. In the nature of things, however, that was an impossibility. The complaint shows that the defendant was the trusted agent and manager of the plaintiff, with power and authority to collect all moneys due it, and during his term of service received and collected large sums, a part of which he failed to account for, but converted to his own use. It is impossible for the plaintiff to specify or describe any particular money converted, nor was it necessary to do so. The conversion consisted of distinct acts done by virtue of the confidential relations existing between the plaintiff and defendant. These separate acts may not be capable of either allegation or proof, but the aggregate result is, and that constitutes the conversion.

No stricter rule, certainly, should be applied in an action by a principal against his agent for conversion of funds which came into his hands by virtue of his employment than would be required in a prosecution for the crime of embezzlement; and in the latter case a charge of embezzlement of a certain amount on a certain day will cover and admit evidence of a series of connected transactions, showing a continuing offense: *State* v. *Reinhart,* 26 Or. 466 (38 Pac. 822).

6. It is next contended that there was no competent evidence tending to support the findings of the trial court. The principal testimony was that of A. A. Cunningham, an expert accountant, who was the bookkeeper of the plaintiff during the defendant's service, and up to September 1, 1899, and who had made an examination of the books since that date. These books were kept under the supervision and direction of the defendant, and entries were made therein by his orders. Cunningham testified in detail as to the manner of keeping the books, their condition, the items of account contained and the entries made therein, and the result of his examination. His testimony was competent, under the familiar rule that where books, papers, and records are numerous, an expert may testify as to the result of his examination and investigation: Hill's Ann. Laws, § 691, subd. 5; *State* v. *Reinhart,* 26 Or. 466 (38 Pac. 822) ; 1 Greenl. Ev. (15 ed.), § 93 ; 1 Jones, Ev. § 205; *Boston & W. R. Corp.* v. *Dana,* 1 Gray, 83 ; *Hollingsworth* v. *State,* 111 Ind. 289 (12 N. E. 490) ; *State* v. *Findley,* 101 Mo. 217 (14 S. W. 185).

7. And it is no ground of complaint on this appeal that the books themselves were not offered or admitted in evidence. The record indicates that they were in court, and no objection was made to Cunningham's testimony because they were not offered in evidence, and therefore it cannot be urged here: *Burton* v. *Driggs,* 87 U. S. (20 Wall.) 125.

8. Finally it is said that, even if Cunningham's testimony is competent, it does not show that the defendant converted or appropriated to his own use any money belonging to plaintiff. We do not purpose entering upon a discussion of that question, because the weight and value of the evidence were for the trial

court. We can only examine the testimony for the purpose of ascertaining whether there was any competent evidence tending to support the conclusions of the trial judge.

9. The evidence shows that the books of account were kept under the direction and supervision of the defendant; that they indicated that certain moneys due the plaintiff were collected from the state and from the county of Marion by the defendant, and not accounted for by him; and that two false entries had been made therein by the defendant's direction, crediting one account with large sums, and charging the same to stores, when in fact no stores had been purchased. The defendant gave no evidence on the trial whatever, and did not undertake to explain any of these circumstances, or account for the false entries in the books. Their condition evidently required some explanation on his part, in the absence of which the court was fully justified in its findings. Nor was it necessary for the plaintiff to prove by evidence other than the books that money belonging to it had actually been appropriated by the defendant. The books were intended to contain a record of its business during the time the defendant was its manager, and should have accurately shown the amount of money received and accounted for by the defendant. The false entries were made therein for some purpose, and presumedly with the design of concealing from the plaintiff the truth, and covering up the wrongful acts of the defendant. The judgment is affirmed.      AFFIRMED.