## D. M. OSBORNE & COMPANY v. ELIZABETH EVANS and MARTIN EVANS, Plaintiffs in Error.

Division Two, December 24, 1904.

1. **HOMESTEAD: Exchanged for Lands Not a Homestead.** Defendant exchanged his homestead in Missouri for lands in Arkansas, which he never occupied as a homestead, and then exchanged those lands for others in Missouri and caused these lands to be conveyed to his wife, which have never been occupied by him as a homestead. *Held,* that the lands so deeded to the wife were subject to sale under attachment and execution for the payment of his debts.

2. ———: **Exemptions.** The statutes exempt only the homestead and the proceeds thereof invested in another homestead, and not the proceeds thereof invested in property not acquired for a homestead.

Error to Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

AFFIRMED.

*W. Cloud* and *R. H. Davis* for plaintiffs in error.

Creditors can not complain that a conveyance of a homestead is fraudulent as to debts for the payment of which it can not be taken in execution. They could not reach it if not conveyed, and their motives in the conveyance do not concern them. Stanley v. Snyder, 43 Ark. 430; Erb v. Cole, 31 Ark. 557; Meux v. Anthony, 11 Ark. 411; Hempstead v. Johnston, 18 Ark. 124; Bogan v. Cleveland, 12 S. W. 159; Bump, Fraud. Conv., 245; Wait, Fraud. Conv., 71.

*L. Beasley* and *O. T. Hamlin* for defendant in error.

The right of homestead ceases to exist when the occupant, with a view to acquiring a residence elsewhere, and with no fixed purpose of returning, ceases to occupy the premises as a residence. Intention to return in order to preserve the right must be formed at the time of removal; in order to restore it when once lost, must be executed by actual resumption of occupancy. Smith v. Bunn, 75 Mo. 559. When a homestead has been acquired, the question of abandonment is one of fact, and each case must in a great measure rest upon its own particular facts. The right of a homestead exemption ceases to exist when the occupant leaves the premises with a view of acquiring a residence elsewhere, and with no intention to return. The intention to return must be formed at the time of removal from the premises in order to preserve and continue the homestead exemption. Duffy v. Willis, 99 Mo. 132.

GANTT, P. J.—This is an appeal from a decree of the circuit court of Barry county setting aside a certain conveyance of lands in said county to defendant Elizabeth Evans, on the ground that the same was in fraud of the creditors of her husband and codefendant Martin Evans, and subjecting the same to the payment of plaintiff's demand against said husband.

The petition, it is agreed, stated in substance that Martin Evans, one of the defendants herein, was indebted to plaintiff in a large sum of money on a certain promissory note given for a reaping machine on or about the 14th day of November, 1894; that on the 17th of October, 1899, said Martin Evans purchased of one Frank Ball the real estate involved in this suit, lying and being in Barry county, and caused the title to the same to be placed in the name of his wife and codefendant Elizabeth Evans, for the purpose of covering up and concealing his said property, and to hinder, delay and defraud his creditors in the collection of their debts; that said Martin paid the whole of the consideration for said lands, and that said consideration was not the proceeds of a former homestead, etc.

The answer is as follows:

"Now on this day come defendants, and for answer to plaintiff's petition deny each and every allegation therein contained, except what is herein specifically admitted.

"Defendants, further answering, state that on the 14th day of November, 1894, and for a long time prior thereto, defendant Martin Evans was a married man and the head of a family, and was on said 14th day of November, 1894, and for a number of years prior thereto, the owner of, seized and possessed of eighty acres of land situated in the county of Newton and State of Missouri, which he used and occupied as his homestead with his family; that said land was less than fifteen hundred dollars in value and that the deed therefor was in the name of defendant Martin

Evans, and was duly filed and recorded in the office of the recorder of deeds in and for said county of Newton some years prior to the said 14th day of November, 1894.

"Defendants further state that the said Martin Evans and wife by their certain deed of conveyance, on the —— day of —— 1898, conveyed said Newton county lands to one Wm. Meredith, receiving in exchange therefor and in payment thereof eighty acres of land in the county of Johnson in the State of Arkansas of less value than fifteen hundred dollars, the deed therefor being taken in the name of defendant Martin Evans; that said Martin Evans continued to own said Arkansas land until the 17th day of October, 1899, when he conveyed the same by deed, duly executed by himself and wife, to one Ball, and received in exchange therefor and in payment thereof the lands described in plaintiff's petition herein; that defendant Martin Evans caused the lands in controversy to be conveyed to his codefendant, Elizabeth J. Evans, which deed was signed, executed and delivered to her by said Ball on the 17th day of October, 1899, at the request of defendant Martin Evans.

"Defendants are now and were at all of the times herein mentioned husband and wife. Defendants further state that they were residents of and resided in the State of Missouri at all of the times above mentioned, and continued to reside in the State of Missouri until the —— day of December, 1899.

"Defendants further state that Martin Evans became indebted to plaintiff on the 14th day of November, 1894, for the purchase price of a reaping machine sold to him on said date by plaintiff, as is evidenced by his certain promissory note filed in the attachment suit of D. M. Osborne & Co., plaintiff, against Martin Evans, defendant, in the circuit court of Barry county, Missouri, returnable to the April term, 1900, of said court.

"Wherefore defendants pray the court that they

may go hence without day and for their costs herein
laid out and expended."

The replication was a denial of all new matter
alleged in the answer. The cause was submitted to
the circuit court upon the following agreed statement
of facts, omitting caption, etc.:

"For the purpose of avoiding the bringing of
witnesses to court it is hereby agreed that the facts in-
volved in the litigation in the above-entitled cause of
action are as follows:

"1st. That on the 14th day of November, 1894,
and for a long time prior thereto, defendant Martin
Evans was a married man and the head of a family
and was on said 14th day of November, 1894, and for
years prior thereto, the owner of and was seized and
possessed of eighty acres of land in Newton county, Mis-
souri, which he used, possessed and occupied as his
homestead; that said land was of the value of less than
fifteen hundred dollars, and that the deeds therefor
were in the name of Martin Evans and were duly filed
and recorded in the office of the recorder of deeds for
Newton county, some years prior to the said 14th day
of November, 1894.

"2nd. That said Martin Evans and wife by their
deed on the ——— day of ——— 189—, conveyed said
Newton county lands to one Wm. Meredith, receiving
in exchange therefor and in payment thereof, 80 acres
of land in the county of Johnson, in the State of Arkan-
sas, of less than the value of fifteen hundred dollars,
the deed therefor being taken in the name of Martin
Evans, and that said Martin Evans continued to own
said Arkansas lands until the 17th day of October, 1899,
when he transferred the same by deed to one Ball, and
received in exchange thereof and in payment therefor
the lands described in plaintiff's petition and located in
Barry county, Missouri. That the deed which bears
date and was executed and filed on October 17, 1899,

in controversy, was taken in the name of Elizabeth J. Evans, who is now, and was at all of the times herein mentioned, the wife of her codefendant Martin Evans. That the consideration of one dollar was not paid by Elizabeth Evans.

"3rd.    That defendants were residents of and resided in the State of Missouri at all of the times above mentioned and continued to reside in Missouri until the ———— day of December, 1899.

"4th.    That defendants nor neither of them ever lived on or occupied the Arkansas lands or the lands in controversy.

"5th.    That defendant Martin Evans became indebted to plaintiff on November 14, 1894, for a machine purchased of plaintiff on that date secured by a certain promissory note filed in the suit of D. M. Osborne & Co. against Martin Evans in attachment in the circuit court of Barry county, Missouri, returnable to the April term thereof, 1900.

"6th.    It is agreed that this agreement may be read in evidence in the trial of the above-entitled cause.

"7th.    That at the date of the filing of the attachment of D. M. Osborne & Co. v. Martin Evans and at the date of the filing suit herein, defendants were living in the State of Kansas.

"It is hereby agreed that the above stipulation and agreement may be read in evidence in the trial of the case of Elizabeth J. Evans, plaintiff, against D. M. Osborne & Co., defendant, now pending in the circuit court of Barry county, Missouri."

I.    From the agreed statement of facts it is at once apparent that the defendants do not bring themselves within the letter or spirit of section 3623, Revised Statutes 1899, by which it is provided that, "Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section 3622, the prior homestead shall thereupon be

liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable: Provided, that such other homestead shall have been acquired with the consideration derived from the sale or other disposition of such prior homestead." By this section it is plain that the head of a family may sell or exchange his homestead for another homestead and the latter will be exempt from the debts or causes of action against him to which such prior homestead would not be liable—but by the express provisions of this section the exemption of the proceeds of his homestead is confined to another *homestead* acquired with the proceeds of the old homestead.

It is agreed in this case that the Barry county land was obtained by defendants by an exchange of defendant Martin Evans's land in Arkansas which had never been occupied by him and his family as a homestead, and that he and his family have never occupied the Barry county land in suit as a homestead, and was not so occupied when the attachment suit, in aid of which this suit was brought, was commenced.

The right to a homestead exempt from attachment and execution is purely the creature of statute.

By our statute this exemption begins with the filing of the deed for record as to all debts thereafter incurred, but such an estate is subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring of such homestead. [Sec. 3622, R. S. 1899.]

It is plain, we think, that our statutes only exempt the *homestead; and the proceeds thereof invested in another homestead,* and not the proceeds thereof invested in property not acquired for a homestead. The contention of defendant goes too far. It would exempt the proceeds if invested in cattle or horses or merchandise. There is no warrant in the homestead act for such a construction. It is true the homestead is not

subject to attachment or execution, and there can not be a fraudulent conveyance of the homestead itself, so that a purchaser thereof from the owner of the homestead will acquire a good title thereto. [Bank of Versailles v. Guthrey, 127 Mo. 189; Macke v. Byrd, 131 Mo. 682; Bartels v. Kinnenger, 144 Mo. 370.] He may even make a voluntary deed to the homestead to his wife and the creditor can not impeach the wife's title on the ground of fraud. But in this case the defendant husband did not convey *the homestead* to his wife, but to a third party and invested it in Arkansas land which he never occupied as a homestead. [St. Louis Brewing Assn. v. Howard, 150 Mo. 451.] He then had no homestead in the Arkansas land, and when he exchanged that for the Barry county land it was not impressed with a homestead exemption. Not being a homestead it was not exempt by any law of this State from his lawful debts. When, therefore, he conveyed that land in Arkansas for the Barry county land in suit, the doctrine that his voluntary conveyance thereof without any consideration to his wife can not be impeached for fraud, has no application to the facts in this case.

We do not think the doctrine of abandonment has any place in this discussion. The defendant Martin Evans had an undisputed right to sell and convey his Newton county homestead. It was not subject to attachment or execution for this debt created after he had lawfully acquired that homestead, and the plaintiff herein could not have subjected that land to attachment or execution for its debt in the hands of his vendee. If the consideration received for that homestead had been invested in another homestead in Missouri it also would have been exempt, but when instead of acquiring another homestead, he invested the consideration in Arkansas land which he never occupied as a homestead and then exchanged that for the Barry county land and caused it to be deeded to his wife

without any valuable or adequate consideration moving from her, it was still his property in equity and liable to his debts, and the plaintiff, his creditor, had a right to have that conveyance declared to be a trust in his favor and to have the land subjected to its demand. It was ruled in State Bank of Eagle Grove v. Dougherty, 167 Mo. 1, that a homestead acquired in Missouri with the proceeds of a homestead in Iowa was not exempt from a debt which had been created prior to the acquisition and recording of the deed to the homestead in Missouri, but we are not confronted with that state of facts in this case. Here we have neither a homestead in Arkansas nor one in the Barry county land, and the sole question is whether the proceeds of a homestead invested in other property not a homestead is forever exempt from the debts of the owner of the former homestead, and we think it is too plain that it is not.

The General Assembly have granted an exemption of a homestead for the benefit of the family, but have not made the proceeds invested in wild lands, or lands not occupied as a homestead, or in personal property, exempt from the debts of the owner of the homestead. [Peninsular Stove Co. v. Roark, 94 Iowa 560; Smith v. Gore, 23 Kan. 488.]

As to plaintiff's prior and existing debt the voluntary conveyance of the Barry county land to the wife without any consideration was void and the decree of the circuit court was correct and it is affirmed.

*Fox, J.,* concurs; *Burgess, J.,* absent.